Leonard Rochis, Appellee, v. Vincent Milascewicz, Appellant.

Gen. No. 23,609.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

## Statement of the Case.

Action by Leonard Rochis, plaintiff, against Vincent Milascewicz, defendant, to recover damages for breach of a contract to procure insurance. From a judgment for plaintiff for $800 and costs, defendant appeals.

PAUL IROSE, for appellant.

FRANK M. FAIRFIELD, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 67*—*when oral contract by broker to procure fire insurance shown.* Finding that defendant, an insurance broker, entered into an oral contract with plaintiff to procure fire insurance on the latter's house, *held* sustained by the evidence, in an action to recover damages for the breach of such contract.

2. INSURANCE, § 67*—*when evidence sustains finding as to damages.* In an action to recover damages for breach of contract to procure fire insurance on plaintiff's house, evidence *held* to sustain the finding as to the amount of damages.

3. INSURANCE, § 67*—*what does not affect validity of contract to procure fire.* The fact that the payment of the premium may be necessary to enforce a contract of fire insurance against an insurer does not render such payment necessary to the validity of a contract by an insurance broker to procure insurance so as to defeat

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an action for breach of such contract, especially where the payment was expressly waived.

4. INSURANCE, § 67*—*what is not negligence barring recovery for breach of contract by broker to procure.* In an action against an insurance broker for breach of a contract to procure fire insurance, the fact that plaintiff waited 4 weeks after he had been assured by the defendant that the policy had been sent for but had not arrived without attempting to procure insurance elsewhere was not negligence barring recovery.