MANUEL SIMONS & another *vs.* ROYAL INSURANCE
COMPANY, LIMITED.

Bristol.    December 9, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Insurance*, Fire, Of automobile.

At the trial of an action of contract upon a policy insuring against loss
of an automobile by fire, it appeared that those named as insured were
two men "as their respective interests may appear," and that the face
of the policy stated among "warranties" made by the insured that the
automobile was purchased in January, 1922, second hand.    The
plaintiffs introduced in evidence a contract of conditional sale dated
June, 1921, between the first insured and a firm bearing the name of
the second insured "and Son" and testimony that at the time of the
alleged loss there still was a balance due under the contract.    The
second insured had died and his personal representative was a party
plaintiff.    The son of the second insured gave testimony to the effect
that at the time of the conditional sale he was a partner of his father
but had no financial interest in the partnership.    The policy provided
that it should "be void if the Assured has concealed or misrepresented
any material fact or circumstance concerning this insurance or the
subject thereof," or "If the interest of the Assured in the subject of
this insurance be other than unconditional and sole ownership."    The
judge ordered a verdict for the defendant.    *Held*, that, while the
question, whether the son was a partner having an interest in the auto-
mobile so that the policy would be void because all the owners were not
stated in the policy, raised an issue of fact and a verdict could not
properly be ordered for the defendant on that ground, the statement
in the policy that the car was purchased by the insured in January,
1922, when in fact it was purchased on June 20, 1921, was a misstate-
ment of fact, which was material to the risk, and under the "war-
ranties" by the assured the policy when issued was void; and therefore
a verdict properly was ordered for the defendant.

CONTRACT by Manuel Simons upon a policy of insurance
against loss of an automobile by fire.    Writ in the Second
District Court of Bristol dated May 18, 1923.

After removal of the action to the Superior Court, the
defendant was allowed to amend its answer so that, besides
setting up a general denial, it alleged that the plaintiff was
not entitled to recover because he had "concealed or mis-
represented in writing or otherwise material facts or circum-

stances concerning this insurance or the subject thereof" and had broken "certain of the warranties in the policy." The plaintiff then was permitted to amend his writ and declaration by setting forth that the automobile was purchased by Simons upon a contract of conditional sale from George Phillips and that the policy was procured to protect "said parties as their interest should appear"; and, George Phillips having died, that the administratrix of his estate, Lucy N. Phillips, be admitted as a party plaintiff.

The defendant then was allowed further to amend its answer by adding the allegation that "the plaintiffs were not the sole and unconditional owners of the automobile referred to in their declaration at the time of the issuance of the policy, and therefore are not entitled to recover."

In the Superior Court, the action was tried before *Gray*, J. The formal contract of conditional sale described in the opinion was introduced in evidence by the plaintiffs. Other evidence is described in the opinion. By order of the judge, a verdict was entered for the defendant. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*F. M. Silvia & J. R. Cuttle*, for the plaintiffs.

*M. C. Taylor & G. B. Rowell*, for the defendant.

PIERCE, J. This is an action of contract upon an automobile fire insurance policy. The answer of the defendant is a general denial, concealment or misrepresentation of material facts, and "that the plaintiffs were not the sole and unconditional owners of the automobile referred to in their declaration at the time of the issuance of the policy." At the close of the plaintiffs' evidence, a motion by the defendant for a directed verdict was allowed. The case comes before this court upon the exception of the plaintiffs thereto.

It is the contention of the defendant that the motion was rightly allowed, because there was a breach of that warranty clause of the policy which reads: "This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof"; as also, that warranty clause of the policy which reads: "This entire policy shall be void unless

otherwise provided by agreement in writing added hereto; (a) If the interest of the Assured in the subject of this insurance be other than unconditional and sole ownership."

The automobile was purchased by Manuel Simons on conditional sale of G. H. Phillips and Son, on June 20, 1921. On February 13, 1922, the policy in suit was issued. On that day, and at the time of the alleged loss, an unpaid balance was due under the contract of sale. The material policy provisions are as follows: "Royal Insurance Company of Liverpool. . . . In consideration of the Premium Hereinafter Mentioned Does Insure The Assured named herein, and legal representatives, . . . against direct loss or damage . . . to the body, machinery and equipment of the automobile described herein . . . " The "Name of Assured" is given as "Manuel Simons and George H. Phillips, as their respective interests may appear." Under the heading "Warranties," subheading "3. The facts with respect to the purchase of automobile described are as follows:" was the information that the automobile was "Purchased by the Assured" in January, 1922; that it was "Second-hand"; that the "Actual Cost to Assured Including Equipment" was "$1,200"; and under the caption "The automobile described is fully paid for by the Assured and is not Mortgaged or otherwise Encumbered, except as follows:" were the words "No exceptions."

It appeared from the testimony of one Russell H. Phillips that he was a son of George H. Phillips, and that he was the person referred to as "Son" in the name G. H. Phillips and Son, wherever that name appeared in the conditional bill of sale which was in evidence. It further appeared in the same testimony that Russell H. Phillips and his father, George H. Phillips, were partners; that they bought and sold automobiles in the firm name, and that the automobile in question was bought by the father and son, as a firm, and sold to Manuel Simons. The other statements of the witness, to the effect that he had no financial interest in the firm and that his father was the actual owner, raised a question of fact for the jury.

The statement in the policy that the car was purchased

by the assured in January, 1922, when in fact it was purchased on June 20, 1921, was a misstatement of fact, which obviously was material to the risk, and under the "Warranties By The Assured" the policy when issued was void.

*Exceptions overruled.*