ATLANTE CAMPAGNA *vs.* THE NEWARK FIRE INSURANCE COMPANY.

Suffolk.    January 18, 1927. — April 6, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Insurance,* Of motor vehicle, Fire, Warranty.

At the trial of an action on a policy insuring the plaintiff's automobile against the perils of "fire arising from any cause whatsoever and lightning," of transportation and of theft, it appeared that the policy provided that the defendant "in consideration of the warranties and the premium hereinafter mentioned does insure the assured named and described herein upon the . . . automobile described herein . . . Warranties: The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying on the truth thereof: . . . 3. The facts with respect to the purchase of the automobile described are as follows: . . . Year 1921. New or Second Hand 2nd Hand. Actual Cost to Assured Including Equipment $950. Conditions. Misrepresentation and Fraud: This entire policy shall be void if the assured or his Agent has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; . . . This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein." Undisputed evidence of the plaintiff was that he purchased the car in November, 1920, that it

would not then run; that he put it in running order later in December; that the amount of "cost" stated by him in the policy included many items for keeping the car in running order after it was purchased and put in running order so that the actual cost to him including equipment was less than $950. In accordance with leave reserved under G. L. c. 231, § 120, a verdict was entered for the defendant. *Held*, that

(1) Under the "Conditions" of the policy, the misstatement of the date of purchase, and of the actual cost to the assured, including the equipment, made the entire policy void;

(2) The verdict properly was entered.

CONTRACT upon a policy of insurance of an automobile against the perils of "fire arising from any cause whatsoever and lightning," of transportation and theft, described in the opinion. Writ dated April 14, 1922.

In the Superior Court, the action was tried before *Cox*, J. Material evidence, and special findings by the jury, are described in the opinion. A verdict for the plaintiff in the sum of $604 was recorded after leave was reserved under G. L. c. 231, § 120. A verdict afterwards being entered for the defendant in accordance with such leave, the plaintiff alleged exceptions.

*G. P. Beckford*, for the plaintiff.

*M. C. Taylor*, for the defendant.

PIERCE, J. This is an action of contract on an insurance policy for $500 on a Haynes touring car, which was issued by the defendant on August 10, 1921, and was to run from noon August 8, 1921, until noon August 8, 1922. The automobile was insured against the perils of "fire arising from any cause whatsoever and lightning," of transportation and of theft. The declaration alleged and the facts at the trial established that "on or about" November 15, [*sic*] 1921, the automobile was totally destroyed by fire. The answer is a general denial and special defences including (1) breach of warranty as to the cost of the car; (2) failure to give notice of the fire; (3) failure to make sworn proof of loss; (4) breach of warranty that the property was mortgaged; and (5) failure to arbitrate. At the trial it was agreed that there was no question raised about the issuance of the policy or that Field and Cowles were the agents for the defendant; and the defendant in its brief does not question that the fire occurred on Satur-

day evening, November 5, 1921, that the plaintiff two days after the fire went to the office of Field and Cowles and reported the accident, or that the damage to the plaintiff was $604 as found by the jury.

At the close of the evidence, the jury found for the plaintiff in the sum of $604; and specially found, in answer to a question put to them by the judge, that they had accepted and added up all the bills of the equipment introduced in evidence up to and including the bill dated July 28, 1921, and an additional bill for tires and rims which they did not have, a total of $951.09. After the verdict was received, the judge, having reserved with the permission of the jury the right to enter a verdict, "exercised the leave reserved and entered a verdict for the defendant," on a motion by the defendant. The case is before this court on the exceptions saved by the plaintiff taken to this direction of the trial judge.

The defendant contends that the action of the judge can stand and was required because, on the evidence of the plaintiff, there was as matter of law a breach of the warranty of the policy as to the time the car was purchased and as to the actual cost of it to the assured, including equipment.

The material policy provisions read: "Newark Fire Insurance Company . . . in consideration of the warranties and the premium hereinafter mentioned does insure the assured named and described herein upon the . . . automobile described herein . . . Warranties: The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying on the truth thereof: . . . 3. The facts with respect to the purchase of the automobile described are as follows: . . . Year 1921. New or Second Hand 2nd Hand. Actual Cost to Assured Including Equipment. $950. Conditions. *Misrepresentation and Fraud:* This entire policy shall be void if the assured or his Agent has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; . . . . This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein."

The plaintiff testified as follows: He purchased the Haynes

touring car in November, 1920. At the time of the purchase it was not in running order. He paid $350 for it in the condition in which it then was, and it was delivered at his home. It would not run under its own power and he had it looked over and towed to Lynn, where one Williams made repairs on it to the amount of $137.67. Later the plaintiff had other work done upon the car, the bills for which, six in number and an additional bill of $85.50 for tires and rims, were introduced in evidence and are before the court. Williams got the car in running order late in December. His bill of $137.67 included a charge of $6 for cleaning carbon. The plaintiff started painting the car in January, 1921, and finished it in two weeks, charging himself $95. In February 26, 1921, he was charged at the Haynes service station $11.25 for nine hours' labor and $15 for a used Rayfield carburetor. There is nothing to show the character of the labor. It is to be observed that a "2nd Rayfield Carbureteur" was itemized in the Williams December bill. In March, the car was again at the Haynes service station and many items of service including "burning carbon $3" were rendered, as shown by the statement of account dated March 19, 1921. In June, 1921, the car stopped in the street, was towed to the Portland Street garage, and itemized work, called "Repair work," was done upon it which resulted in a bill of $41.73. July 28, 1921, the plaintiff paid a bill of $155.80 at the Belle Isle auto station. An examination of the items shows a charge for twenty-two hours' labor at $1.25, a charge for a battery of $17, and a charge for three gallons of kerosene, sixty cents.

It is plain that many of the items that go to make up the $951.09 which the plaintiff expended on his car, as shown by these bills were not expended to put the car in a condition to run but were paid to keep it in a running condition, as, for instance, those for grinding of valves and cleaning carbon on the March bill; the replacing of the carburetor in February; the new battery in July; the repairs to the radiator in March and again in July; the new piston rods in March; the new rear end in July; the adjustment of the clutch and bearings in March and the general repairs in June. The aggregate of

the sums which the bills show were expended for repairs in the use of the automobile, is considerable, and the jury were not warranted in including the cost of such items in arriving at the sum expended by the plaintiff as equipment or otherwise in order to put it in a condition to run. Deducting the charges set against such items, it is plain the "actual cost to assured including equipment" was less than $950.

The statement in the warranty that the automobile was purchased in 1921 was not true, the undisputed testimony of the plaintiff being that he purchased the automobile in November, 1920. The statement of the date of purchase and of the "actual cost to assured including equipment" were made warranties, and the misstatement of them under the "Conditions" of the policy made the entire policy void. *Gormley* v. *Westchester Fire Ins. Co.* 256 Mass. 221. *Simons* v. *Royal Ins. Co. Ltd.* 258 Mass. 210.

*Exceptions overruled.*