CATHERINE J. AFFLECK *vs.* POTOMAC INSURANCE COMPANY.

FEBRUARY 16, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. Plaintiff sought to recover upon a fire insurance policy issued to her by defendant and alleged to cover a "Willys-Six" automobile which was destroyed by fire. The policy is an "automobile policy approved by the National Convention of Insurance Commissioners." The vital question was whether it covered plaintiff's car.

At the close of plaintiff's evidence the trial court granted the defendant's motion for a nonsuit on the ground that there was a misstatement of the subject matter of the in-

surance as to the "kind and model of car, the year when it was bought, the price that was paid for it" and further because of "variance between the declaration and proof." On exceptions thereto plaintiff is now before this court. She also claims numerous errors in the admission and rejection of evidence as well as error in refusal to direct a verdict in her favor. The latter motion if not premature could not have been granted on the contradictory evidence in plaintiff's own case and the only ruling on evidence that plausibly can be questioned related to the refusal of the court to permit an automobile dealer to state how important the motor or serial number was in the identification of cars. If error this was harmless because we have given her the benefit of an assumption that such number would definitely identify a car of a specific trade name.

The declaration alleges ownership by plaintiff of a "Willys-Six" automobile having a factory number 777 and motor number 14033. Upon said car it avers that defendant company issued a policy for $1700 insurance against fire, dated May 17, 1921, and expiring one year therefrom; that the car was destroyed by fire on April 10, 1922; that the amount of the loss was $1000 and that plaintiff has performed all conditions required of her under the terms of said policy.

Plaintiff filed with defendant company written proof of loss describing the burned car as a "Willys-Six," factory number 777, motor number 14033, having six cylinders, model 88-6; horsepower, 29.4; year model 1917; and cost $1377 on February 7, 1917.

Considering the oral evidence in its most favorable aspect to plaintiff, the car destroyed is shown to have been purchased by her husband in 1917. He died in 1918 and ownership of the car passed to her. We will assume, as testified to by general agent Kean, who wrote the policy, that the motor number of the car burned was identical with that of the car described in the policy. Plaintiff's car was known in the trade as a Willys-Overland. She never owned a Willys-Knight, which is a sleeve valve motor of an entirely

different type from a Willys-Overland poppet valve and costs about twice as much. According to the plaintiff's testimony Kean sought her insurance business in 1921 and without any description of the car or statements concerning its model, cost or date of purchase, she pointed out to Kean the particular Willys car 'to be insured. That car was conceded to be a Willys-Overland. Kean, she says, examined it, made some memoranda and later handed to plaintiff the policy upon which she sued.

The policy offered in evidence by plaintiff describes the car insured as a year 1919, model 88-8, Willys-Knight touring car with factory or serial number 14033, motor number (blank), horsepower 65, number of cylinders 8, list price $2750, and further states that the car was bought new by plaintiff in December, 1919, for $2900. It contains a paragraph concerning "Warranties by the assured" stating that the description of the automobile insured and the facts with respect to the purchase of the same as set forth and contained in the policy "are statements of facts known to and warranted by the assured to be true and that the policy is issued by the company relying upon the truth thereof." A subsequent paragraph provides that concealment or misrepresentation of material facts concerning the subject of the insurance shall render the policy void.

In spite of the obvious differences between the car described in the policy and the car burned, plaintiff claims that the policy simply misdescribed the subject matter insured; that the error was the company's, not hers and that without reformation of the policy there was sufficient identifying description in its words "factory or serial number 14033" to enable the jury after plaintiff's parol evidence to identify the car burned as the one described in the policy and to recover in this action at law on the policy. *DePaola v. Humboldt Ins. Co.*, 38 R. I. 141 (misdescription of location of the property insured).

It is true that an erroneous description merely of location often will not avoid the policy. The reason is because it

does not materially affect the risk and is not a warranty. Sometimes questions of materiality are for the jury. *Lindsey* v. *Union Mut. F. Ins. Co.*, 3 R. I. 157. Where, however, the misdescription relates to the nature of the property insured and is beyond dispute material to the risk the courts refuse recovery on the policy as a matter of law. Such are the following automobile cases. *Smith* v. *Ins. Co.*, 188 Mo. App. 297 (model); *Harris* v. *St. Paul, etc. Ins. Co.*, 126 N. Y. Sup. 118 (model); *Reed* v. *St. Paul Ins. Co.*, 151 N. Y. Sup. 274 (model); *Simons* v. *Royal Ins. Co.*, 154 N. E. 768 (model); *Atlante Campagna* v. *Newark F. Ins. Co.*, 156 N. E. 54 (Mass.) (cost and date of purchase); *Gormley* v. *Westchester F. Ins. Co.*, 256 Mass. 221 (that car was fully paid for). In the policy now under consideration description of the car and facts relating to its purchase were properly ruled to be material warranties of the insured binding upon plaintiff even though she did not read them. *Inventasch* v. *Superior F. Ins. Co.*, 48 R. I. 321. Plaintiff having accepted and kept the policy for eleven months without reading it, we can not approve her contention that the misdescription was the act of defendant company and not binding upon her. Cf. *Solomon* v. *Fed. Ins. Co.*, 176 Calif. at 137. She was not entitled to recover in this action at law based upon the erroneous written policy without reformation. *Lumber Underwriters* v. *Rife*, 237 U. S. 605. In the latter case HOLMES, J., says: "The court is not at liberty to introduce a short cut to reformation by letting the jury strike out a clause." 26 C. J. 106.

We have assumed that the descriptive language was solely that of the company, cf. *Leonard* v. *State Mut. L. Ass. Co.*, 24 R. I. 7, *Haley* v. *Sharon, etc. Ins. Co.*, 179 N. W. 895 (Minn.), and construed it as liberally as possible, *Eddy St. Iron Foundry* v. *Farmers Mut. F. Ins. Co.*, 5 R. I. 426, yet plaintiff still has not overcome the difficulty that the policy plainly enumerates a specific car of Willys-Knight type differing in material respects from a Willys-Overland car. If there was either latent or patent ambiguity

in the type of the car described in the policy the evidence does not disclose it, nor is there anything to show that the policy described a nonexistent car. Plaintiff's claim of identical motor numbers is not sufficient in the present action whatever might be its effect in an equitable proceeding for reformation. *Haley* v. *Sharon Ins. Co.*, 179 N. W. 895 (Minn.). A motor number definitely identifies a specific car. 14033 applied to a Willys-Overland motor indicates an entirely different car from the same number applied to a Willys-Knight motor. On the written evidence in the case before us there is not even the identity of serial number or motor number on the car described in the policy and plaintiff's car. The identity is merely that of the serial number of the car described in the policy and the motor number of plaintiff's car but we have treated the case as if the motor numbers were identical as Kean testified. The language of the policy when the attempt was made to fit it to plaintiff's car was wholly inapplicable. 26 C. J. 87. The car described in the policy was different in all essential respects from that burned and to permit recovery would ignore the terms of the contract which plaintiff made and upon which she relied. There was no error in the action of the Superior Court on the question of variance.

The court's other reason for granting the nonsuit was sound. The inaccurate statements were express warranties by plaintiff written into the policy, accepted and retained by her and which in spite of lack of any written application by insured must be taken against her. *McFarland* v. *St. Paul, etc., Ins. Co.*, 46 Minn. 519; *Parsons, etc., Co.* v. *Lane*, 97 Minn. 98; *Wierengo* v. *Am. Ins. Co.*, 98 Mich. 621. Presence or absence of good faith in making the warranties was immaterial. *Smith* v. *Ins. Co.* (Mo.) *supra*. It was the falsity of the warranties not fraud which rendered the policy voidable. *Leonard* v. *State Mut. Life Ass. Co.*, 24 R. I. 7; 26 C. J. 168; n. 44; 32 C. J. 1293, n. 21; *Kenney* v. *Phila. Fire Ins. Co.*, 247 So. W. 249 (Mo. App.) (model-list-cost); *Auto Ins. Co.* v. *Hennessey*, 299 So. W. 281 (Tex.)

(model); *Solomon* v. *Fed. Ins. Co.*, 176 Calif. 133 (model); *Gormley* v. *Westchester Fire Ins. Co., supra;* 3 Cooley Briefs on Ins. 2d ed. p. 2110. The descriptive warranties in the policy being both material and erroneous rendered it unenforceable.

All of the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the nonsuit.

*John P. Beagan, Joseph E. Beagan,* for plaintiff.
*Cooney & Cooney,* for defendant.