CATHERINE J. AFFLECK *vs.* WILLIAM H. KEAN.
SAME *vs.* POTOMAC INSURANCE CO. *et al.*
SAME *vs.* POTOMAC INSURANCE CO.

DECEMBER 30, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. In *Affleck* v. *Potomac Insurance Co.*, 49 R. I. 112, 140 A. 469 (see also 141 A. 183), we held that plaintiff could not recover upon a fire insurance policy on account of a material misdescription of her automobile in the policy. Plaintiff thereupon commenced these actions of the case in assumpsit.

The action against Mr. Kean is for breach of his agreement with plaintiff to procure fire insurance on her automobile. The action against the insurance company is for breach of its agreement with plaintiff made by its agent,

406

Mr. Kean, to insure her automobile against damage by fire. The action against both defendants is because plaintiff alleges she is in doubt which of them is liable for breach of their agreement to insure her automobile.

The actions were tried together in the Superior Court and the jury returned a verdict for the plaintiff for $568 in each case. Each case is now before this court on defendants' exceptions. The exceptions are the same in each case. Defendants' exceptions to the denial of their motions for directed verdicts and for new trials will be considered together.

In May, 1921, Mr. Kean was engaged in the insurance business and represented several fire insurance companies including the defendant company. Plaintiff was the owner of an automobile. Mr. Kean called upon plaintiff at her place of business and received an order to procure fire insurance upon her automobile. He agreed to do this. Soon after this interview Mr. Kean delivered to plaintiff an automobile insurance policy issued by the defendant company for which plaintiff paid Mr. Kean the premium. The policy was dated May 17, 1921, and insured plaintiff against direct loss or damage by fire to the automobile described therein. The policy was countersigned by Mr. Kean as agent of the company. Before the policy expired an automobile owned by plaintiff was destroyed by fire while in her garage. The automobile thus destroyed was a "Willys-Overland". In an action on the policy it was held that plaintiff could not recover because the destroyed automobile was not the one described in the policy. *Affleck* v. *Potomac Insurance Co., supra.*

Plaintiff's testimony was to the effect that she never owned a "Willys-Knight" automobile; that she did own a "Willys-Overland" which she asked Mr. Kean to insure for her; that he agreed to do so; that he saw the automobile in her garage and, after examining it, made some notes in a book and a few weeks thereafter handed her an insurance policy issued by the defendant company; that she did not

read the policy and did not know until after her automobile had been destroyed by fire that it was not correctly described in the policy and that Mr. Kean then said his clerk had made a mistake in writing the policy.

Mr. Kean testified that, when he called upon the plaintiff, she gave him a description of the automobile she wished to have insured; that he did not go to the garage to examine the automobile; that the description of the automobile in the policy was the same as given to him by the plaintiff; that he never agreed to insure a "Willys-Overland" for her and that the first time he saw the "Willys-Overland" was after it had been burned. He denied that he said his clerk had made a mistake in writing the policy.

Plaintiff did not ask Mr. Kean to insure her automobile in any particular company. He could place the insurance in any company he selected. For the purpose of applying for this insurance Mr. Kean was the agent for the plaintiff and not the agent for the insurer. *Monast* v. *Manhattan Life Ins. Co.*, 32 R. I. 557; *O'Rourke* v. *John Hancock Mutual Life Ins. Co.*, 23 R. I. 457; *Reed* v. *Equitable Fire & Marine Ins. Co.*, 17 R. I. 785; *Wilson* v. *Conway Fire Ins. Co.*, 4 R. I. 141; 32 C. J. 1087. If Mr. Kean, as agent for plaintiff, made a mistake in the description of plaintiff's automobile in his application for insurance thereon to defendant company, the defendant would not be liable for Mr. Kean's mistake if the policy was issued as applied for. Mr. Kean testified that the description of the automobile in the policy was the same as that applied for. It thus appears that the defendant company insured the very same automobile it was asked to insure. This evidence is not contradicted. Therefore, the defendant company is not liable to plaintiff for a misdescription of her automobile and its motions for a directed verdict should have been granted.

The next question arises as to the liability of Mr. Kean. He admitted that he agreed to procure fire insurance for the plaintiff on her automobile. He testified that the automobile he was instructed to insure was a "Willys-Knight"

and she testified that it was a "Willys-Overland". This conflicting testimony required the determination of the issue by the jury and there was no error in the denial of Mr. Kean's motion for a directed verdict.

An insurance broker must obey the instructions given by his principal, 32 C. J. 1087, and if he agrees to procure insurance and fails to do so he is liable to his principal for the damage sustained by reason of the want of such insurance. *Milwaukee Bedding Co.* v. *Graebner*, 196 N. W. (Wisc.) 533; *Journal Co.* v. *Gen. Acc. Fire & Life As. Co.*, 205 N. W. (Wisc.) 800; *Everett* v. *O'Leary*, 90 Minn. 154; *Cass* v. *Lord*, 236 Mass. 430; *Elam, Appt.* v. *Smithdeal Realty & Ins. Co.*, 18 A. L. R. (N. C.), 1210 and note, 1214.

By their verdict the jury found that Mr. Kean did not procure insurance as agreed upon plaintiff's automobile. The trial justice has approved their verdict. This is a case where the opportunity of seeing and hearing the witnesses undoubtedly was of great assistance to the jurors in helping them to draw a correct conclusion from the conflicting testimony. Why should plaintiff insure a "Willys-Knight" automobile if she never owned one? Did defendant examine the automobile in the garage before agreeing to insure it? These, as well as other questions, probably occurred to the jurors before they arrived at their verdict. After a careful reading of the testimony it does not appear to us that the trial justice clearly erred in denying Mr. Kean's motion for a new trial and the exception thereto is not sustained.

Plaintiff's action against Mr. Kean is for breach of his oral agreement to procure insurance on a certain automobile and not for breach of an oral contract of insurance. Plaintiff is not attempting to recover on the policy which was given to her by defendant Kean and which she testified she did not read. Therefore, Mr. Kean's exceptions, based upon his contentions, that his oral agreement with plaintiff was merged in the policy and that her action against him should have been commenced within the time limited in the policy, are without merit.

409

At the close of the testimony defendants moved that plaintiff be required to elect which of the three actions should be submitted to the jury. The motion was denied and exception noted. We have held that the trial justice should have directed a verdict for the insurance company. If this had been done, two actions would have been pending against Mr. Kean for the same cause. The jury has returned a verdict against Mr. Kean in each action. Plaintiff states in her brief that she wants but one satisfaction of the amount of damage fixed by the jury. Mr. Kean will be protected from double liability if plaintiff is now required to elect on which verdict she wishes to proceed to judgment and execution.

The second and fourth exceptions are sustained. All the other exceptions are overruled. The parties may appear before this court January 6, 1930, and show cause, if any they have, why an order should not be entered remitting the cases to the Superior Court with direction to enter judgment for the defendant insurance company and also judgment against defendant Kean with a perpetual stay of execution in one of said cases against him.

*John P. Beagan, Joseph E. Beagan*, for plaintiff.
*Cooney & Cooney*, for defendant.