### WARD v MOORE

Ohio Appeals, 4th Dist, Gallia Co
Decided Nov 10, 1930

Henry W. Cherrington, Gallipolis, for Ward.

R. M. Switzer and R. A. Mack, both of Gallipolis, for Moore.

BLOSSER, J.

One of the grounds urged for a reversal of the judgment is that the verdict is against the manifest weight of the evidence. The plaintiff was the principal witness in his own behalf and some of his testimony was sharply contradicted by the defendant. In other particulars he was corroborated by the defendant's witnesses. We have carefully read the evidence, and while some of it is not as satisfactory as might be desired we are unable to say that the verdict is against the manifest weight of the evidence. The jury and trial court heard the cause and saw the witnesses and were in a position to judge of the credibility of the witnesses and the weight of their testimony. A reviewing court will hesitate to disturb a verdict on this ground unless it is palpably wrong. A mere difference of opinion is not sufficient. Having concluded that we can not reverse the judgment on the weight of the evidence we must assume that the facts claimed by the plaintiff are true and that the necessary allegations of his amended petition have been proven by the evidence.

We think the trial court in its general charge fairly submitted the issues to the jury and that on the whole no prejudicial error was committed. It is urged that that part of the general charge of the court in reference to the defendant agreeing to receive his commission and compensation for his services in procuring the insurance out of the total amount of premium paid by the plaintiff was erroneous. The plaintiff actually paid $20.00 to the defendant, which the defendant still retains. Under the evidence presented nd the facts of this case the charge of the court in this respect was not prejudicial.

In brief, this is an action in which the plaintiff applied to the defendant for insurance as a protection against loss by fire, and the defendant negligently and carelessly failed to procure the same and the plaintiff's property in the meantime was destroyed by fire. The liability of a fire insurance agent under these circumstances is well established by the authorities. It may be laid down as a general rule that an agent who, with a view to securing compensation for his services, undertakes to

procure insurance on the property of another and fails to do so, will be held liable for any damage resulting therefrom. This rule was announced in the case of **Gray v. Lavina State Bank, 18 A. L. R. 1204,** in which it is said:

"A broker taking money to secure insurance, who unjustifiably fails to secure the same or to make an effort to do so, becomes liable in case of loss to pay as much of the same as would have been covered by the policy had it been secured."

This case is thoroughly annotated and numerous cases support the text. The same rule is laid down in **32 C. J. 1084** where it is said:

"The agent is liable to the applicant or insured for damages which result from the agent's false and fraudulent representations on which the insured relied to his injury, or from his neglect and failure to effect insurance as he has contracted to do."

The cases supporting this proposition are numerous. **Cushinberry v. Grechian, 212 Pac. 681, Eastham v. Stumbo, 279 S. W. 1109, Affleck v. Kean, 148 Atl. 324, Feldmeyer v. Engelhart, 222 N. W. 598, Joseph, Inc. v. Alberti, et al, 232 N. Y. S. 168, Stevens v. Wafer, 14 S. W. (2d Ser.) 294, Rochis v. Milascewicz, 211 Ill. App. 262, Wallace v. Fire Insurance Co., 174 Pac. 1009.** Numerous other cases might be cited but the above are sufficient to show that the principle is well established.

The neglect or failure of the agent to inspect the property or procure the insurance is regarded by some cases as a tort, yet in the great majority of cases it is regarded as a mere breach of contract which permits a suit for damages.

It is urged by plaintiff in error that there was no consideration given for the defendant's promise and for that reason it is not binding upon him. We think that their promises were mutual, and the defendant having assumed to inspect the property and procure the insurance the duty was imposed upon him to exercise ordinary care and diligence. In **Elam v. Smithdeal R. & I. Co., 18 A. L. R. 1210,** it is said:

"The trust and confidence imposed in one as agent constitute a sufficient consideration for the undertaking and carrying out of the instructions given."
And in the same case it is said:

"But the better considered decisions on the subject are to the effect that

while the agent or broker in question was not obligated to assume the duty of procuring the policy, when he did so the law imposed upon him the duty of performance in the exercise of ordinary care, and as a matter of contract it is said in some of the cases on the subject that the trust and confidence reposed in him as agent afforded a sufficient consideration for the undertaking and carrying out the instructions given."

Taking this view and also considering the fact that $20.00 was paid to the defendant, which he still retains, we think that the agreement was supported by a proper consideration.

For the reasons above expressed we think that no substantial eror was committed by the trial court and that the judgment should be affirmed.

Middleton, PJ, and Mauck, J, concur.