Michael L. **BAKER** et al.

v.

**ICA MORTGAGE CORPORATION** et al.

No. 90–231 Appeal.

Supreme Court of Rhode Island.

March 29, 1991.

Anthony F. Muri, Leo J. Wold, Goldenberg & Muri, Providence, for plaintiffs.

William H. Jestings, Carroll, Kelly & Murph, Providence, for defendants.

OPINION

PER CURIAM.

In this action the plaintiffs, Mr. and Mrs. Michael L. Baker (Bakers), seek to recover damages from ICA Mortgage Corporation (ICA) and Imperial Savings Association (ISA) for damages proximately caused by the criminal conduct of a member of the Rhode Island Bar, Terrence P. Traudt (Traudt),[1] and to cancel a certain promissory note and mortgage executed by the Bakers on October 16, 1987, in connection with

---

**1.** On December 21, 1989, an order was entered whereby Traudt was disbarred from the practice of law because of his misappropriation of funds owed to the Bakers.

the refinancing of their home, which is situated in the town of North Kingstown at 86 Concord Avenue.

This case came before the trial justice on ICA's motion for summary judgment. On February 9, 1990, the trial justice granted ICA's motion. Thereafter, in mid-February 1990 the court entered judgment on behalf of both ICA and ISA, despite the fact that ISA had not moved for summary judgment. The Bakers moved to vacate the judgment on the ground that the court erroneously disposed of the claims against ISA. In addition the Bakers moved for an injunction pending appeal. Both motions were heard and denied by the trial justice.

At all times the property owned by the Bakers was encumbered by a mortgage given by the Bakers to the Rhode Island Central Credit Union (RICCU) as security for a loan of $150,000.

The Bakers decided to refinance their mortgage with defendant ICA, and ultimately Traudt became involved in the transaction. They borrowed $175,000 from ICA, which was to be used to pay the balance of the RICCU mortgage and cover closing costs. The remainder of the funds, some $21,000, was delivered to the Bakers at the closing.

Several weeks after the closing, the Bakers began to receive notices from RICCU for payment due on the original mortgage. At this point they discovered that Traudt had failed to apply the loan proceeds to the RICCU mortgage and that the obligation had not been discharged.

The Bakers then filed a complaint in the Superior Court against ICA and ISA. ICA had assigned the mortgage to ISA shortly after the closing. In the complaint the Bakers sought to enjoin defendants from foreclosing on their property on the grounds that the note and mortgage in favor of ICA had been void and unenforceable. The Bakers base this argument upon their assertion that Traudt was acting as ICA's agent; consequently, Traudt's failure to apply the loan proceeds can be attributed to ICA. This failure, according to the Bakers, renders the $175,000 transaction null and void.

At the hearing on the motion for summary judgment, defendants argued that Traudt had been hired by the Bakers to act as their agent in the refinancing proceedings and emphasized that he was not an agent of ICA. The trial justice agreed with defendants and granted the motion for summary judgment.

On appeal the Bakers, through their attorney, consistently argue that an issue of fact exists regarding exactly whom Traudt represented. The Bakers and their attorney argue that Traudt became ICA's "settlement agent" who, according to ICA documents, "is a fiduciary agent for the Lender and the principals in the closing process." The documents sent to Traudt identify him as the closing agent.

■ The issue on appeal is whether a question of fact exists regarding Traudt's status as an agent for ICA. In *Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d 864, 867 (R.I.1987), this court emphasized that three elements were required to establish the existence of an agency relationship: "(1) a manifestation by the principal that the agent will act for him, (2) acceptance by the agent of the undertaking, and (3) an agreement by the parties that the principal will be in control of the undertaking."

■ The act of sending the closing documents and the funds to Traudt with instructions on closing the loan and disbursing the funds may be interpreted as a manifestation on the part of ICA that Traudt was to act as its agent. Traudt's acceptance may be inferred from the fact that he accepted the documents and attended the closing. The final factor, that the litigants agreed that the principal would control the undertaking, may be shown by Traudt's purporting to follow ICA's instructions at the closing.

Although these facts may not by themselves necessarily prove that Traudt acted as ICA's agent in this transaction, they appear to raise a question of fact that must be resolved. Consequently the Bakers' appeal is sustained, the judgment entered is

vacated, and the case is remanded to the Superior Court for further action.