DECISION
The matter was tried before the court without the intervention of a jury on a conversion action filed by the plaintiffs (Henry and Elaine McAlice) for damages arising out of monies submitted by them to Louis Thacker for purported deposit into an annuity account managed by the defendant (Safeco Life Insurance Company).
FACTS
Plaintiff Elaine McAlice testified that she is married to plaintiff, Henry L. McAlice. In 1990, when the time came for Mr. McAlice to roll over his 401K funds, she suggested the couple engage the defendant, Louis Thacker. She testified she met Thacker through her employment at Miriam Hospital when he handled tax shelter annuity accounts for the hospital's employees. She testified that Thacker recommended the couple invest in Safeco products, and they followed his advice. Her husband purchased a pension annuity for thirty thousand dollars with an initial investment of sixteen thousand dollars.
Then in 1991, she testified the plaintiffs wanted to roll over some investments into income producing accounts. She thereupon deposited with Mr. Thacker a series of checks totaling $14,091.00, which Thacker purportedly invested with Safeco on her behalf. It is these funds that Thacker embezzled. On May 22, 1992, Mrs. McAlice received a letter from Thacker in which he acknowledges his nefarious scheme and admits he embezzled the money. Upon further investigation, the plaintiffs learned that Safeco did in fact have an account in Mr. McAlice's name but had no record of any account ever being opened on behalf of Mrs. McAlice.
Defendant's Exhibit A discloses that the McAlices received a confirmation of Mr. McAlice's annuity directly from Safeco dated February 19, 1991. Plaintiffs allege that this was received almost two years after the deposit was received by Thacker. Mrs. McAlice testified that she did not receive confirmation from Safeco relating to her deposit because she was receiving information from Thacker on what was purported to be Safeco stationery.
The defense called Judy M. Walter, an assistant vice president and compliance manager of Safeco Life Insurance Company. She testified that there was never an account in Mrs. McAlice's name, but there was one in Mr. McAlice's name. She testified that Mr. McAlice's annuity contract (Exhibit C) was dated February 6, 1991 and that deposits were received during 1991. Ms. Walter also testified that the writings received by the McAlices (Exhibits 4, 7, 8, 9, 11) were not communications from Safeco and were not on the official stationery of Safeco. Finally, Ms. Walter testified that Thacker had no authority to use Safeco stationary or name and that Thacker was neither an employee nor general agent of Safeco.
On cross examination, Ms. Walter testified that Thacker was authorized to collect an initial deposit from potential subscribers and was required to turn the money over to the company, along with the application. Upon receipt of a deposit and application, the company sends out written confirmation to the client.
Mr. McAlice testified in rebuttal that Exhibit C, the February 6, 1991 confirmation from Safeco, does not contain his signature. McAlice stated he filled out an application form at an earlier date.
It is the function of the trial justice sitting without a jury to make findings of fact, to weigh the evidence, pass upon the credibility of witnesses and draw such reasonable inferences as the facts warrant.
In this case it is clear that plaintiffs were the victims of an embezzler, a liar and a thief. There is no question that Thacker took their money and led them to believe he invested these funds with the defendant, Safeco. In furtherance of this scheme, Thacker sent them written communications about the status of bogus accounts purportedly on Safeco stationery.
The evidence discloses that Thacker did not invest any of Mrs. McAlice's retirement funds with Safeco but embezzled them for his own use. Further, an examination of Exhibit C in light of the testimony of the plaintiffs, leads to the logical inference that Thacker failed to invest and had the use of McAlice's money until early 1991, some two years after the McAlices began their relationship with Thacker.
AGENCY
The plaintiff argues that Louis Thacker is a general agent of Safeco and as such, Safeco can be held vicariously liable for the acts of Thacker. The defendant argues that Thacker was an independent contractor and therefore, liability cannot extend to Safeco.
Agency is a comprehensive term, which has more than one meaning. 2A C.J.S. Agency § 4 (1980). "Agency" has been defined as "a relationship between two persons by agreement or otherwise, where one may act on behalf of the other and bind the principal by words and actions." Blacks Law Dictionary (6th Ed. 1990).
In order for an agency relationship to exist, there are three elements that must be present. Focus Inv. Associates v. AmericanTitle Ins., 797 F. Supp. 109, 112 (D.R.I. 1992); Baker v. ICAMort. Corp., 588 A.2d 616, 617 (R.I. 1991); See Lawrence v.Anheuser-Busch, Inc., 523 A.2d 864, 867 (R.I. 1987). The elements are (1) a manifestation by the principal that the agent will act for him; (2) an acceptance by the agent of the undertaking, and (3) an agreement between the parties that the principal will be in control of the undertaking. Focus Inv. Associates, 797 F. Supp. at 112. According to these enunciated elements, Thacker cannot be considered an agent of Safeco, but was rather the agent for the McAlices.
Although there was a manifestation by Safeco that Thacker acted for them, this manifestation was limited to the solicitation of applications for annuities. Thacker did not have the ability to bind Safeco in regard to any policy or account and could not incur any expense or liability on behalf of Safeco. In regard to the second element, Thacker did accept the undertaking, but merely for the purpose of soliciting annuity applications as is evidenced by the written agreement between Thacker and Safeco. Lastly, there is no evidence in the record that Safeco had the ability to control the manner in which Thacker performed his work. The agreement between Thacker and Safeco expressly states that Thacker has, "retained its right to exercise exclusive and independent control of its time, energy and skill in the conduct of business." (See Exhibit 1). Although, the written agreement and its terms are not dispositive of the agency issue, there is nothing in it which establishes either control, or any of the other indicia of an agency relationship. Thacker invested monies in several companies, maintained a separate office, had the ability to hire and supervise his own staff, controlled his own correspondence, incurred his own expenses, and marketed his individual services.
The facts of this case are similar to the facts of Ethridgev. Atlantic Mut. Ins. Co., 480 A.2d 1341 (R.I. 1984). InEthridge, the Supreme Court of Rhode Island held that an independent insurance agent who represented a number of insurance companies and selected which companies to assume the risk, was an agent of the insured and not the insurer. Id at 1346; (citingAffleck v. Kean, 148 A. 324, 325 (1929)). Similarly, in DaSilva v.Equitable Fire and Ins., 263 A.2d 100, 102 (1970), an insurance agent who had cancelled a provision of an uninsured motorists policy was deemed to be the agent of the insured, since he was only authorized to solicit and accept applications. However, it has been held that an independent insurance agent may be held as an agent for the insurer, as long as the agent has the ability to bind the company. (See AAA Pool Services v. Aetna Cas. Sur.,479 A.2d 112, 115 (R.I. 1984). If an agency relationship was present, it existed between the McAlices and Thacker. The relationship Thacker had with Safeco was one of independent contractor.
An independent contractor relationship exists where one is retained to perform a task independent of and not subject to the control of the employer. 41 Am.Jur.2d Independent Contractors
§ 1 (1969). The law is quite clear that a principal is subject to liability for the acts of its agent, provided that the agent was acting within the scope of his authority. (See Drake v.Star Market Co. Inc., 526 A.2d 517 (R.I. 1987); Piscettelli v.Defelice Real Estate Inc., 512 A.2d 117, 119-20 (R.I. 1986);Brimbau v. Ausdale Equipment Rental Corp., 440 A.2d 1292, 1295 (R.I. 1982). Likewise, the law in regards to the liability of an employer for the intentional tort of an independent contractor is equally well-settled. The principle is that an employer generally cannot be vicariously liable for the intentional acts of an independent contractor, unless there is a duty to the public imposed by ordinance. Webbier v. Thoroughbred Racing ProtectiveBureau, Inc., 254 A.2d 285, 289 (R.I. 1969).
This court finds there is no other reasonable conclusion but that Louis Thacker was an independent contractor for Safeco Insurance Company. Accordingly, Safeco Insurance Company is not vicariously liable for the unlawful act of Louis Thacker.
Counsel shall submit the appropriate order in accordance with this decision.