ALFRED L. BALLARD *vs.* GLOBE AND RUTGERS FIRE INSURANCE
COMPANY OF NEW YORK.

Suffolk.   November 22, 1920. — January 5, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Insurance,* Against loss by theft.

In a policy of insurance against loss of an automobile by theft was a statement that the automobile was "not Mortgaged or otherwise Encumbered." An express condition of the policy was that it was to be null and void if the interest of the insured in the property be other than unconditional and sole ownership. The holder of the policy had acquired the automobile under an agreement of conditional sale by which it remained the property of the seller until fully paid for. At the time of the issuance of the policy, $500 of the purchase price remained unpaid. *Held,* that the contract of insurance did not take effect.

St. 1907, c. 576, § 21, providing that no misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss, is not applicable when a condition precedent to the policy becoming effective is not performed.

CONTRACT upon a policy of insurance of an automobile against theft.   Writ in the Municipal Court of the City of Boston dated September 22, 1919.

On removal to the Superior Court, the action was tried before *Sanderson,* J.  The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor.  The motion was denied.  The jury found for the plaintiff in the sum of $1,526.13; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. L. Came,* for the defendant.

*F. A. Crafts,* for the plaintiff.

CARROLL, J.  This is an action of contract on a policy of insurance to recover for the loss by theft of an automobile.  It was stated in the policy that the automobile insured was fully paid for and "is not Mortgaged or otherwise Encumbered."  The

plaintiff acquired it under a conditional sale agreement in writing, by which it was to remain the property of the seller until fully paid for. Five hundred dollars of the agreed price was unpaid when the policy issued, and at the time of the loss $200 remained unpaid. It was expressly stated as a condition of the policy that it was to be null and void if the interest of the assured in the property be other than unconditional and sole ownership. The defendant's motion for a directed verdict was denied and the jury found for the plaintiff.

It was undisputed that the plaintiff was not when the policy was issued the sole and unconditional owner of the automobile. By the terms of the policy it did not become a contract binding on the parties, unless the plaintiff was at the time the unconditional owner of the property. The defendant's motion should have been granted. St. 1907, c. 576, § 21, providing that no misrepresentation or warranty made in the negotiation of a contract or policy of insurance by the assured shall be deemed material, or defeat or avoid the policy, or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss, is not applicable when a condition precedent to the policy becoming effective is not performed. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449. *Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299. *Fondi* v. *Boston Mutual Ins. Co.* 224 Mass. 6. The plaintiff cannot recover because, as he did not unconditionally own the automobile when the policy was issued, the terms of the policy were not fulfilled and the contract of insurance did not take effect. It is therefore unnecessary to consider the other questions raised by the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*