CLINTON A. HARVEY *vs.* PAWTUCKET MUTUAL FIRE INSURANCE COMPANY.

Hampden.    September 18, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Insurance*, Fire, Of automobile.

The owner of an automobile, which was subject to a mortgage placed by him, insured it against loss by fire by a policy which, under the heading "Exclusions" stated, among other conditions, the following: " 2. It is a condition of this policy that it shall be null and void. . . . (c) If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or becomes encumbered by any lien or mortgage except as stated in Warranty No. 3, or otherwise endorsed hereon." " Warranty No. 3 " was the statement " The automobile described is fully paid for by the assured and is not mortgaged or otherwise encumbered, except as follows," with no other words following. The mortgagee, without the knowledge of the insured, insured his mortgage interest with a company other than the insurer of the owner. At the trial of an action by the owner to recover on his policy for a total loss, a verdict was ordered for the defendant. Upon a report by the trial judge, it was *held*, that

(1) The insurance by the mortgagee was not in violation of a condition in the owner's policy that his insurer should not be liable " (b)

If at the time a loss occurs there be any other insurance . . . which would attach if this insurance had not been effected ";

(2) Whether the words of the policy under "Warranty No. 3" were to be treated as a declaration of fact by the assured, or as a question of the insurance company to be answered by the assured in a blank space beneath these words, and whether, if not a declaration of fact, an answer thereto was waived by the issuance of the policy without such an answer, need not be determined;

(3) The fact that the automobile was subject to a mortgage at the time of the issuance of the policy was a defect in the plaintiff's title which went to the essence of his contract of insurance and under its provisions prevented the policy from taking effect;

(4) A verdict for the defendant properly was ordered.

CONTRACT upon a policy of insurance of an automobile of the plaintiff against loss or damage by fire. Writ dated March 15, 1922.

In the Superior Court, the action was tried before *Brown*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked that the jury be instructed as follows:

" 13. If there was other insurance on the automobile, and the plaintiff can recover anything in this action, he can recover only that proportion of his loss, which the face of this policy bears to the total insurance."

The action was submitted to the jury, who found for the plaintiff in the sum of $800, the full amount of the policy. The trial judge then ordered a verdict for the defendant and reported the action to this court upon an agreement of the parties that, if the verdict for the defendant was improperly ordered, judgment should be entered for the plaintiff in the sum found by the jury, except that, if the instruction, asked for by the defendant and quoted above, correctly stated the law, such judgment was to be in the sum of $640; and if the verdict for the defendant properly was ordered, judgment was to be entered for the defendant.

The case was submitted on briefs.

*L. Gray*, for the plaintiff.

*C. M. Thayer, F. C. Smith, Jr., & G. A. Gaskill*, for the defendant.

PIERCE, J.   This is an action of contract to recover for the total loss of an automobile upon a fire insurance policy.

It was agreed at the trial that proof of loss and all conditions precedent to bringing suit had been complied with.

Under the heading, " Exclusions," the policy stated, among other conditions, " 2. It is a condition of this policy that it shall be null and void. . . . (c) If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or becomes encumbered by any lien or mortgage except as stated in Warranty No. 3, or otherwise endorsed hereon." At the time the insurance policy issued, one Austin held a mortgage upon it which had been given by the plaintiff sometime previously. Austin, without the knowledge of the plaintiff, had insured his mortgage interest with an insurance company other than the defendant company. This policy was in force at the time of the fire and has not been paid. This insurance of the mortgagee was not in violation of the condition that the company shall not be liable " (b) If at the time a loss occurs there be any other insurance . . . which would attach if this insurance had not been effected." It was an insurance obtained by the mortgagee on his own interest in another insurance company and it could not have been controlled or prevented by the plaintiff. *Wheeler* v. *Watertown Fire Ins. Co.* 131 Mass. 1, 8, 9.

Whether the words " The automobile described is fully paid for by the assured and is not mortgaged or otherwise encumbered, except as follows," contained in paragraph " 3 " of the " Warranties," are to be treated as a declaration of fact by the assured, or as a question of the insurance policy to be answered by the assured in a blank space beneath these words, and whether, if not a declaration of fact, an answer thereto was waived by the issuance of the policy without such an answer, need not be determined; because in any event it sufficiently appears that the interest of the assured in the property insured was other than that of unconditional and sole ownership. The defect in the plaintiff's title went to the essence of the contract of insurance and the policy under its conditions never took effect. *Ballard* v. *Globe & Rutgers Fire Ins. Co. of New York*, 237 Mass. 34. *Dawsons, Ltd.* v. *Bonnin*, [1922] 2 A. C. 413. The

provisions of St. 1907, c. 576, § 21, now G. L. c. 175, § 186, are not applicable where as here sole and unconditional ownership is a condition precedent to the creation of the alleged contract. *Ballard* v. *Globe & Rutgers Fire Ins. Co. of New York, supra.*

The verdict for the defendant was properly ordered; and judgment is to be entered for the defendant in accordance with the terms of the report.

*Judgment for the defendant.*