SAM SIMPIONBATO *vs.* ROYAL INSURANCE COMPANY, LIMITED.

Hampden.    September 17, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Insurance*, Against theft of motor vehicle: statement of ownership, warranty against encumbrance. *Practice, Civil*, Report, Estoppel by position taken by counsel before full court.

The W Company, under a contract of conditional sale, delivered an automobile to one who insured it against theft, the insured named in the policy being the purchaser and the W Company "as their interests may appear." The policy contained a statement that the insurer "shall not be liable . . . If the interest of the Assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become encumbered by any lien or Mortgage except as stated in Warranty No. 3 or otherwise endorsed hereon." The policy stipulated that it should be void for any material misrepresentation. Under the heading "Warranties," it contained the statement, "The Automobile described is fully paid for by the Assured and is not Mortgaged or otherwise Encumbered, except as follows." Nothing followed this statement. Under the heading "Address of Assured" and "Assured's occupation or business" only the purchaser was indicated. A loss occurred under the policy and the purchaser brought an action against the insurer. *Held*, that

(1) There was no breach of the quoted provision in the policy, the mention of the W Company having an interest in the automobile satisfying its requirements: it was not necessary to state the nature or extent of the interest of the W Company;

(2) The sentence following the word, "Warranties," was in the nature of a question, and, it being unanswered, there was no representation on the subject by the insured and the clause might be disregarded.

An automobile was sold by a corporation under a contract of conditional sale which named the vendor as W-O Inc. A policy of insurance upon it named as the insured the vendee and W-O Company "as their interests may appear." After a verdict for the plaintiff, the trial judge reported the case to this court, stating in his report that the W-O Company was the vendor. At the argument in this court, the insurer de-

clined to have the case recommitted to the Superior Court for a correction of an error in the report, if any existed in this respect.  *Held*, that

(1) This court was bound by the statement of the report as to the name of the vendor;

(2) Even if the name of the corporation was incorrectly stated in the contract, the correct name could be shown.

CONTRACT upon a policy of insurance against loss of an automobile by theft.  Writ dated September 27, 1920.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence is described in the opinion.  At the close of the evidence, the defendant moved that a verdict be ordered in its favor, which motion was denied.  There was a verdict for the plaintiff in the sum of $1,220.  The trial judge reported the action to this court for determination, judgment to be entered for the defendant if its motion for a verdict in its favor should have been granted; otherwise the verdict to stand.

*M. C. Taylor*, for the defendant.

*W. G. McKechnie & J. F. Egan*, for the plaintiff, submitted a brief.

CARROLL, J.  This is an action of contract upon an insurance policy for the alleged loss by theft of the plaintiff's automobile.  After a verdict for the plaintiff, the case was reported to this court for the determination of the question whether the defendant's motion for a directed verdict should have been allowed.

The report states that there was evidence showing that the automobile at one time was the property of the Willys-Overland Company of Springfield, and was sold by it to the plaintiff on a conditional sale contract.  The written agreement named "Willys-Overland Inc." as the seller.  There was a clause in the policy providing that the defendant "shall not be liable . . . If the interest of the Assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become encumbered by any lien or Mortgage except as stated in Warranty No. 3 or otherwise endorsed hereon."  The policy stipulated that it should be void for any material misrepresentation.  Under

the heading "WARRANTIES," it contained the statement, "The Automobile described is fully paid for by the Assured and is not Mortgaged or otherwise Encumbered, except as follows." No answer followed this statement. The policy stated the name of the assured to be "Sam Simpionbato and Willys Overland Company, as their interests may appear." The back of the policy read "Assured Sam Simpionbato et al." Under the heading "Address of Assured" and "Assured's occupation or business" only the plaintiff was indicated.

The defence was based on a breach of warranty. The stipulation in the policy that the defendant would not be liable if the assured's interest was other than sole ownership or the property was encumbered with any lien or mortgage was subject to the exception "except as stated in Warranty No. 3 or otherwise endorsed hereon." The title of the policy and the recital that the assured was the plaintiff and the Willys-Overland Company "as their interests may appear," amounted to a declaration that the plaintiff was not the sole or absolute owner. The mention of the company as having an interest in the property is sufficient to satisfy the terms of this warranty; it is, as the warranty requires, an indorsement on the policy itself showing that the company has an interest in the property. It does not disclose what that interest is, nor that the company is the conditional vendor, nor the nature and extent of the Willys-Overland Company's interest; but these facts are not essential and were not called for by the policy. The statement indicates, however, that there is an encumbrance on the property. The exact condition of the title was not required by the warranty and by the declaration that both the plaintiff and the company had an interest in the property; the warranty referred to was satisfied. *Dakin* v. *Liverpool, London & Globe Ins. Co.* 77 N. Y. 600. See *Allen* v. *Charlestown Mutual Fire Ins. Co.* 5 Gray, 384, 389; *Hagan* v. *Scottish Ins. Co.* 186 U. S. 423; *Cross* v. *National Fire Ins. Co.* 132 N. Y. 133.

The clause to the effect that the automobile was not mortgaged or otherwise encumbered "except as stated" is not

in our opinion to be treated as a declaration of a fact by the assured. The clause, from its appearance in the policy and the blank space following which was not filled, indicates that it was in the form of a question, and as no answer was made, it could have been disregarded by the jury. *Brown* v. *Greenfield Life Association*, 172 Mass. 498, 502. *Everson* v. *General Accident, Fire & Life Assurance Corp., Ltd.* 202 Mass. 169, 177. See *Harvey* v. *Pawtucket Mutual Fire Ins. Co.* 250 Mass. 164, 166. As the Willys-Overland Company appeared from the statements in the policy to be interested in the automobile, the answer to the question may well have been waived.

The stipulation as to unconditional and sole ownership of the assured was complied with. The ownership of the Willys-Overland Company was disclosed, it being expressly stated that the company had an interest in the property. It was sufficiently "endorsed hereon" that the plaintiff was not the sole and unconditional owner and that the property was encumbered. The plaintiff's place of business was described in the policy but no mention was made of the Willys-Overland Company's place of business. We do not consider that this amounted to a breach of the warranty stipulated in the policy.

Although the policy protects only "The Assured named and described herein" and assuming that the plaintiff is the assured and is "described" in the policy, the mention of the Willys-Overland Company as interested in the ownership of the property is in our opinion sufficient to comply with the warranty.

The defendant further contends that the Willys-Overland Company was not interested in the automobile because the conditional sale contract shows that the vendor was not the Willys-Overland Company but the "Willys-Overland Inc." The report recites that the Willys-Overland Company was the vendor, and we are bound by its terms. Even if the name of the corporation was incorrectly stated in the contract the correct name could be shown. *Medway Cotton Manufactory* v. *Adams*, 10 Mass. 360. See *Commercial Bank* v. *French*, 21 Pick. 486. In addition to this the defendant, at the argument before the full court, declined to have the

case recommitted to the Superior Court for the correction of this error, if in fact there was any error in the report.

The motion for a directed verdict was denied properly; the entry is to be

*Verdict to stand.*