EUGENE P. GORMLEY *vs.* WESTCHESTER FIRE INSURANCE COMPANY.

Middlesex.    March 10, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Insurance,* Against damage to automobile. *Agency,* Scope of authority. *Contract,* What constitutes, In adjustment with insurer, Contractual limitation of action.

An insurance company could not be held liable in an action, brought more than two years after an alleged loss under a policy and based on an oral agreement of settlement of such loss, which purported to have been made in the company's behalf by an independent adjuster acting for the company's agents and in accordance with which the agents drew a draft payable to the order of the insured upon acceptance by the company but did not deliver the draft, if the policy provided that, upon acceptance of the policy, "the insured agrees that . . . no officer, agent or other representative of this company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached thereto; nor shall have any priviledge or permission affecting the insurance under this policy exist or be claimed by the assured unless so written or attached"; and if the policy further provided that actions upon it would be barred unless begun within two years from the loss.

An action cannot be maintained by one insured under a policy against loss through damage to an automobile, in which he warranted that "The automobile described was fully paid for by the assured," if it appears that when he obtained the automobile it was a stolen car, even though he did not know that fact until after the automobile was damaged and he then acquired title by purchase from the true owner.

CONTRACT with a declaration in two counts described in the opinion.   Writ dated July 19, 1923.

In the Superior Court, the action was tried before *Hammond,* J.   Material evidence is described in the opinion. The jury found for the plaintiff in the sum of $707, and the judge, before the verdict was recorded, reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant, and later did so.   The plaintiff alleged exceptions.

*E. Field,* (*W. D. Lambert* with him,) for the plaintiff.

*W. L. Came,* for the defendant, submitted a brief.

BRALEY, J.   The defendant, a fire insurance company domiciled in the State of New York but duly authorized

July 1, 1918, under G. L. c. 175, § 151, to transact business in this Commonwealth, issued to the plaintiff on June 16, 1919, a policy of insurance on the "body, machinery and equipment" of the automobile therein described against direct loss or damage while in force, caused by the perils specifically insured against until June 16, 1920, when it expired by limitation. The jury could find that on July 1, 1919, the automobile driven by the plaintiff ran into a tree and stone wall whereby it was substantially damaged. The action, however, was not begun until July 19, 1923, more than two years after the loss, and under the express conditions of the policy it is barred by limitation.

But by an amendment allowed before trial the plaintiff abandoned the first count of the declaration seeking recovery on the policy, and relied wholly on the second count which was based on a parol agreement by the defendant to pay to him in accord and satisfaction of his claim $650. The defendant's duly authorized agents, Kaler, Carney, Liffler and Company of Boston, Massachusetts, after notice of the loss employed an independent adjuster, one Wheelock, who testified that it was his duty to try to agree with the plaintiff on the amount of loss, and if an agreement was reached to recommend the amount to the company which could accept or reject his recommendation. The jury could warrantably find on conflicting evidence that, after negotiations between them, in which the plaintiff claimed $750 while Wheelock estimated the loss as between $500 and $600, the plaintiff and Wheelock finally agreed by way of compromise that the loss should be adjusted by the payment of $650, which amount Wheelock said the company would pay in settlement. The proof or claim of loss dated July 21, 1919, for $650, which was then prepared by Wheelock, was signed and sworn to by the plaintiff, and, accompanied by a recommendation of Wheelock's that the amount claimed should be paid, it was seasonably received by the defendant's agents on July 24, 1919. It closes with this statement. "It is expressly understood and agreed that the furnishing of this 'Proof of Loss' blank to the assured, or assistance in making up of Proofs by an Adjuster or any person otherwise an agent of the

Company, is an act of courtesy, and is not a waiver of any of the rights of said Company."

The paragraph just quoted must be read with the provisions of the policy, that "upon acceptance of this policy the Assured agrees that its terms embody all agreements then existing between himself and the Company or any of its agents relating to the insurance described herein, and no officer, agent or other representative of this Company shall have power to waive any of the terms of this policy unless such waiver be written upon or attached hereto, nor shall have any priviledge or permission affecting the insurance under this policy exist or be claimed by the Assured unless so written or attached." A rider to the policy, "Massachusetts Indorsement," also provided, that "No person shall be deemed an agent of this company unless specifically authorized in writing by the Company."

The question, whether the action, if seasonably brought, could have been maintained for the amount claimed on the ground that Wheelock's ostensible powers were his real powers, is of no consequence. While a draft for the amount payable to the plaintiff's order upon acceptance by the company was drawn by the defendant's agents, but never delivered to him because of information that the car was a stolen car to which he had no title, the plaintiff was bound by the terms of the policy and rider. It is plain thereunder that Wheelock, whose alleged agreement never was affirmed in writing by the defendant, had no general or special authority to bind it by an absolute promise. *Harris* v. *North American Ins. Co.* 190 Mass. 361, 368. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318, 321. *Chisholm* v. *Royal Ins. Co. Ltd.* 225 Mass. 428, 431. *Cass* v. *Lord*, 236 Mass. 430, 433, 434.

It furthermore appears in the uncontradicted evidence, that the plaintiff, after the alleged compromise, ascertained that unknown to him the automobile when he obtained it was a stolen car, and that to acquire title he was obliged to pay the true owner. It follows, that his warranty when he procured the policy, that "The automobile described was fully paid for by the Assured" was not true. The policy

therefore never attached, and there was no valuable consideration to support the agreement. *Hovey* v. *Pawtucket Mutual Fire Ins. Co.* 250 Mass. 164. *Morrison* v. *Boston Ins. Co.* 234 Mass. 453, 457, 458. *Barber Asphalt Paving Co.* v. *Mullen,* 220 Mass. 308.

The exceptions to the rulings on evidence, not having been argued, are treated as waived and, the verdict for the defendant having been ordered rightly, the entry must be,

*Exceptions overruled.*