BENJAMIN PENTA *vs.* HOME FIRE AND MARINE INSURANCE
COMPANY OF CALIFORNIA.

Suffolk.    November 10, 14, 1927.— April 4, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance,* Fire, Motor vehicle.    *Evidence,* Extrinsic affecting writing.
*Contract,* What constitutes, Construction, In writing.

A policy of insurance against loss by fire in connection with an automobile,
which provides that "This entire policy shall be void. . . . If the interest
of the Assured in the subject of this insurance be other than uncon-
ditional and sole ownership . . . ," is void if at the date of the policy the
title to the automobile was in one from whom the assured had pur-
chased it under a contract of conditional sale; and a verdict properly
was ordered for the defendant in an action of contract to recover on the
policy.

At the trial of the action above described, it was proper to exclude evidence
that the plaintiff told an agent of the defendant with whom he dealt in
obtaining the policy that he had purchased the automobile under a
contract of conditional sale and still had four notes to pay before he
would become absolute owner.

The evidence above described was not rendered admissible on the issue
of title by a provision in the policy: "3. The facts with respect to the
purchase of the automobile described are as follows: . . . The Auto-
mobile described is fully paid for by the Assured and is not Mortgaged
or otherwise Encumbered, except as follows: Part cash balance in 4
$100 notes."

In a policy of insurance, the signature of the officers of the insurance com-
pany and of the insurance agent appeared at the bottom of the first
page.    The inside pages contained several printed clauses and pro-
visions, to which there was no reference preceding the signatures.    *Held,*
that there was no force in a contention that nothing in the policy had a
binding effect except the words preceding the signatures.

CONTRACT on a policy of fire insurance covering an auto-
mobile.    Writ dated March 31, 1924.

In the policy, which is described in the opinion, the sig-
natures of the officers of the defendant and of the insurance
agent appeared at the bottom of the first page.    The inside
pages contained several printed clauses and provisions, to
which there was no reference preceding the signatures.

In the Superior Court, the action was tried before *Walsh,* J.,

who ordered a verdict for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

V. Brogna, for the plaintiff.

M. C. Taylor, for the defendant.

WAIT, J.   This is an action upon a policy of insurance against loss by fire or theft in connection with an automobile.

The policy recited that "This entire policy shall be void unless otherwise provided by agreement in writing added hereto; (a) If the interest of the Assured in the subject of this insurance be other than unconditional and sole ownership . . . ."   There was no dispute that at the date of the policy the title to the automobile was in the Reed Motor Car Company from which the plaintiff had purchased it under a contract of conditional sale.   There was no provision in the policy providing for such ownership.   The policy, therefore, was void.   The ruling that it had never attached was correct, and the verdict for the defendant was ordered properly. Ballard v. Globe & Rutgers Fire Ins. Co. of New York, 237 Mass. 34.   Harvey v. Pawtucket Mutual Fire Ins. Co. 250 Mass. 164.   Gormley v. Westchester Fire Ins. Co. 256 Mass. 221.

In Simpionbato v. Royal Ins. Co. Ltd. 253 Mass. 606, relied on by the plaintiff, the policy disclosed on its face that the title of the plaintiff was conditional.

The plaintiff excepted to the exclusion of evidence that he told the agent of the defendant with whom he dealt in obtaining the policy that he had purchased the automobile under a contract of conditional sale and still had four notes to pay before he would become absolute owner.   The ruling was right.   The written contract could not, thus, be contradicted or varied.   Odiorne v. New England Mutual Marine Ins. Co. 101 Mass. 551.   Kyte v. Commercial Union Assurance Co. 144 Mass. 43.

The fact that among the "Warranties" there appeared "3. The facts with respect to the purchase of the automobile described are as follows: . . . The Automobile described is fully paid for by the Assured and is not Mortgaged or otherwise Encumbered, except as follows: Part cash balance in 4

$100 notes," does not render the testimony admissible. The concluding words are consistent with title in a purchaser who still owes part of the purchase price. Such testimony would be admissible if an issue of good faith or intent to deceive were involved; but here the issue is simply one of title. The evidence was not material. There was not an unconditional and sole ownership and, in such circumstances, the policy was void.

There is no force in the plaintiff's contention that nothing in the document delivered as a policy has binding effect except the words preceding the signatures on the first sheet. It is manifest that the many provisions printed upon the second sheet are part of the contract authenticated by the signatures. He has himself so treated them in giving the notices there called for and not elsewhere stated in the policy.

The case is before us upon a report of the judge and, in accord with its terms, as no error appears, the order must be

*Judgment for defendant.*