PETER FARIS *vs.* THE TRAVELERS INDEMNITY COMPANY.

Bristol.   October 26, 1931. — January 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Motor vehicle: condition.

A policy of insurance against loss or damage to an automobile of the insured recited that the "Declarations" were a part of the policy; that the insured "hereby re-affirms and re-states . . . the foregoing Declarations"; that "This Agreement is subject to the following Conditions: . . . K.  The statements in [certain] Items numbered . . . in the Declarations are true . . . . This Policy is issued upon such statements . . . ."  One of such "items" was that the insured "has complete ownership" of the automobile.  At the trial of an action on the policy, it appeared that the plaintiff, having purchased the automobile upon a contract of conditional sale, did not have "complete ownership" thereof.  *Held,* that

(1) By reason of the express terms of the policy, the truth of the declaration by the plaintiff that he had "complete ownership" of the automobile was a condition precedent to the attaching of the policy;

(2) The plaintiff was bound by such condition;

(3) Such declaration being a condition and not a mere representation or warranty by the plaintiff, G. L. c. 175, § 186, was not applicable; and it was not open to the plaintiff to show that he did not misrepresent his title to the automobile with intent to deceive the defendant or that the risk of loss was not increased thereby;

(4) The plaintiff could not recover.

CONTRACT.   Writ dated March 30, 1928.

The action was tried in the Superior Court before *Beaudreau,* J.   Material evidence is stated in the opinion.   The

judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $1,450. The defendant alleged exceptions.

*T. F. O'Brien,* (*G. P. Ponte* with him,) for the defendant.

*H. E. Clarkin,* (*J. T. Farrell* with him,) for the plaintiff.

By THE COURT. The subjoined opinion was prepared by Mr. Justice Carroll, and was adopted after his death as the opinion of the court.

A policy of insurance against loss or damage to the plaintiff's motor vehicle was issued to the plaintiff by the defendant. The vehicle was damaged in a collision. The motor vehicle was sold to the plaintiff by the R. W. Powers Company under a contract of conditional sale,. title to remain in the Powers company until the purchase price was fully paid. At the time of the trial all the payments had not been made. The jury, in answer to a question submitted to them, found that the plaintiff was the "equitable owner," and found for him in the sum of $1,450. The defendant filed a motion for a directed verdict; this motion was denied; the defendant excepted.

The policy recited that the "Declarations" were made a part of the policy. In "Item 3" of the "Declarations" were the words: "The named Assured has complete ownership of all disclosed automobiles — except as herein stated: No Exceptions"; and in "Item 6": "The above described Assured hereby re-affirms and re-states all the foregoing Declarations, except Item 4 thereof, so far as the same are applicable to or not inconsistent with insurance against Property Damage, Collision or Glass Damage as covered hereby." It was also stipulated in the policy: "This Agreement is subject to the following Conditions: . . . 3. The statements in Items numbered 6 to 10 inclusive in the Declarations are true, or, if estimates only, are believed to be true. This Policy is issued upon such statements and in consideration .of the provisions of the Policy respecting its premiums together with the payment of the premiums herein expressed." Under another heading, "This Agreement is subject to the following Conditions," this paragraph appears: "K. The statements in Items numbered

1 to 5 inclusive in the Declarations are true, or, if estimates only, are believed to be true. This Policy is issued upon such statements and in consideration of the provisions of the Policy respecting its premium together with the payment of the premium herein expressed."

The contention of the defendant is that under the terms and conditions of the policy the plaintiff cannot recover because he was not when the policy was issued the complete owner and did not have "complete ownership" of the vehicle under "Item 3" of the "Declarations"; that the policy never attached. *Ballard* v. *Globe & Rutgers Fire Ins. Co. of New York*, 237 Mass. 34.

The plaintiff contends that the defendant's motion was denied properly; that G. L. c. 175, § 186, is applicable. This statute provides, in effect, that no misrepresentation or warranty made in the negotiation of a policy of insurance by the insured shall be deemed material or defeat the policy unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss. The plaintiff contends that the defendant through its agent knew the conditions of the title to the motor vehicle, that no misrepresentation or warranty was made with intent to deceive and that the risk of loss was not increased. He introduced evidence tending to support his contentions. He further contends that statements made were mere warranties or representations and not conditions in reliance upon the truth of which the policy was issued; and that the policy was effective.

The statement that the plaintiff had complete ownership of the motor vehicle was not true. He did not have complete ownership as the legal title was in the conditional vendor. This statement of the plaintiff was not a mere matter of form: the defect in his title, as was said in *Harvey* v. *Pawtucket Mutual Fire Ins. Co.* 250 Mass. 164, at page 166, "went to the essence of the contract of insurance." It was a condition of the policy. The policy provided that one of its conditions was the truth of the statements numbered 1–5, inclusive, in the "Declarations." "Item 3" of

the "Declarations" stated that the plaintiff had complete ownership. Another provision was that the statements numbered 6–10, inclusive, were conditions to which the policy was subject, and in "Item 6" the plaintiff reaffirmed and restated all the foregoing declarations except "Item 4." The statute, G. L. c. 175, § 186, cannot be relied on to defeat this condition in the policy. If this condition in the policy is not complied with the policy does not attach, and it is not open to the insured to show that a misrepresentation or warranty was not made with the intent to deceive or to increase the risk of loss. In *Barker* v. *Metropolitan Life Ins. Co.* 188 Mass. 542, at page 545, it was said in speaking of this statute that it "has no relation to a condition in the policy itself."

In the recent case of *Penta* v. *Home Fire & Marine Ins. Co.* 263 Mass. 262, the policy stipulated it should "be void" if the interest of the assured in the subject of the insurance "be other than unconditional and sole ownership." In that case, at the date of the policy, the title to the automobile was in the Reed Motor Car Company from which the plaintiff had purchased it under a contract of conditional sale. It was held that the policy was void and never attached; that the written contract could not be contradicted by the parol evidence offered tending to show that the agent of the defendant was told by the plaintiff that he had bought the automobile under a conditional sale contract. To the same effect are *Ballard* v. *Globe & Rutgers Fire Ins. Co. of New York*, 237 Mass. 34, and *Harvey* v. *Pawtucket Mutual Fire Ins. Co.* 250 Mass. 164.

The plaintiff relies on *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169. That case does not support the argument of the plaintiff that, notwithstanding the language of the policy in the case at bar making the truth of the insured's statement as to title a condition of the policy, he could introduce parol evidence to show that the statement was not made to deceive or to increase the risk of loss. In the *Everson* case it was not decided whether it was possible to convert what were essentially warranties or representations into conditions by describing

them as such. That opinion points out that the statement relied on to defeat the policy was a mere warranty inserted under the heading "Warranties" and was not a condition. There is nothing in the *Everson* case indicating that the statement purported to be anything more than a warranty. As the statement was a warranty and not a condition St. 1907, c. 576, § 21, now G. L. c. 175, § 186, applied.

*Elder* v. *Federal Ins. Co.* 213 Mass. 389, is not in conflict with the *Everson* case. In the *Elder* case the plaintiff warranted that the automobile insured should not be used for carrying passengers for compensation during the term of the policy. The policy also provided "in the event of violation of this warranty this policy shall immediately become null and void." The automobile was used during the term of the policy for carrying passengers. The stipulation called a warranty was in fact an agreement for future use and this stipulation was made a condition of the continuation of the policy as a binding contract. *Record* v. *Royal Ins. Co. Ltd.* 253 Mass. 617, followed the *Elder* case and was decided on the same ground; it is not in conflict with the *Everson* case. In *Gormley* v. *Westchester Fire Ins. Co.* 256 Mass. 221, the original papers show that the policy contained, under the heading "Exclusions," these words: "It is a condition of this policy that it shall be null and void . . . (c) If the interest of the Assured in the property be other than unconditional and sole ownership." This condition was violated and the case was rightly decided for the defendant. Similar conditions prevented the policy from ever attaching and becoming a valid contract in *Harvey* v. *Pawtucket Mutual Fire Ins. Co.* 250 Mass. 164, *Ballard* v. *Globe & Rutgers Fire Ins. Co. of New York*, 237 Mass. 34, *Penta* v. *Home Fire & Marine Ins. Co.* 263 Mass. 262. In *Simons* v. *Royal Ins. Co. Ltd.* 258 Mass. 210, the plaintiff failed to recover because the conditions of the policy had not been complied with and this failure made the policy void. It was stated in *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, at page 384, with reference to this statute, now G. L. c. 175, § 186, in an earlier but substantially the same form, that "The statute does not purport to apply to a warranty in the body of the policy;

and as to such a warranty the common law rule remains in force, as was held in this very case in 188 Mass. 542." That statement was not involved in the decision of the case. The plaintiff recovered on the warranty there in issue because it was not in the policy but was in the application; and in the case reported in 188 Mass. 542, it was said at page 545: The statute "relates merely to an 'oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance.' It has no relation to a condition in the policy itself." The false statements of the plaintiff in the instant case went to the essence of the contract and were expressly made conditions precedent to a binding obligation. The policy was upon the consideration that there should be compliance with the conditions.

The conditions in the policy were contained in the so-called "Declarations" attached to the policy, but by the terms of the policy itself these "Declarations" were made a part of the policy. The plaintiff is bound by these conditions. See *Cass* v. *Lord*, 236 Mass. 430, 434.

We do not understand there was any question of pleading at the trial. But if we are wrong in this, and assuming it was for the defendant to allege and prove the breach of the condition, the defendant alleged that the plaintiff had not complied with the terms of the policy and it was undisputed that the plaintiff was not in "complete ownership" of the vehicle. There was no waiver of the terms and conditions of the policy and there was nothing in the conduct of the parties contradicting the language of the policy. The defendant assumed no obligation unless the plaintiff was the complete owner of the property. It was to become insurer only upon this condition. G. L. c. 175, § 186, is not applicable. The plaintiff, therefore, cannot recover. It was error to deny the motion for a directed verdict. This conclusion is supported by *Kravit* v. *United States Casualty Co. ante*, 178.

> *Exceptions sustained.*
> *Judgment to be entered for the*
> *defendant.*