*Municipal Court of the*
*City of Boston*

No. 273692

## ATLAS STEEL CORPORATION

v.

## STEEL FABRICATORS & ERECTORS, INC., ET AL

Argued: Jan. 19, 1973 - Decided: Feb. 14, 1973

*Present:* Canavan, J. (Presiding), Foster, De-Guglielmo, JJ.

Case tried to *Glynn, J.*

**Canavan, J.** This is an action of contract wherein the plaintiff seeks to recover from the defendant, Richard E. Wilson, Jr. as the endorser on a note, drawn by Steel Fabricators and Equipment, Inc. The defendant answered with general denial, payment, denial of the execution of the note, and a denial of consideration for the note and for the endorsement.

The defendant corporation is defaulted.

**At the trial there was evidence that:**

The plaintiff is a Massachusetts corporation with a usual place of business in Somerville, Massachusetts. The defendant, Richard E. Wilson, Jr. is a resident of Ipswich, Massachusetts. The plaintiff sold steel to a corporation which it listed on its books as Steel Fabricating and Erecting Company. The Articles of Incorporation of the defendant corporation, Steel Fabricators and Erectors, Inc. shows Richard E. Wilson, Jr. was its President. The President and Treasurer of the plaintiff corporation testified that the note dated March 2, 1970 was drawn by the plaintiff and presented to the defendant for execution as President. The name of the corporation listed on the note was "Steel Fabricators and Equipment, Inc." and such a name did not appear in any place in the plaintiff's records. The plaintiff's President requested the defendant, Wilson, to sign the reverse side of the note, so that he "would be personally responsible". There is no corporation known as Steel Fabricators and Equipment, Inc. or Steel Fabricating and Erecting Corp., but there is a corporation known as Steel Fabricators and Erectors, Inc.[1]

---

[1] Although the writ, declaration and report shows the defendant as the Steel Fabricating and Erecting Corporation, the pleadings show that on December 8, 1971, Mr. Justice Lewiton allowed the plaintiff's motion to strike out the name Steel Fabricating and Erection Cor-

There was evidence that defendant Wilson met with the plaintiff's President and Treasurer sometime in December 1969 and after discussion, three notes were signed by Wilson as President of the Steel Fabricators and Equipment, Inc.; said notes due and payable 30-60-90 day basis. Two of the three notes were paid. The third note which is the subject matter of this litigation, in the amount of $5,157.09, was not paid.

There was further evidence that there was due to the plaintiff corporation, on or about December, 1969, about $1,500.00 which was not included in the indebtedness represented by the three notes.

At the close of the trial, and before final arguments, the defendant made the following requests for rulings and the court made the following rulings thereon:

1. The evidence as presented does not warrant a finding for the plaintiff against this defendant. *Denied.*

2. In order for the plaintiff to recover against this defendant, it must prove demand, notice and protest and failure to do so renders the defendant not liable. *Denied. See findings.*

3. The burden of proving the genuineness of the signature of the defendant on the reverse side of the note is on the plaintiff and

poration as a defendant from the writ, declaration and all pleadings in this matter, and to substitute in place thereof the name, Steel Fabricators and Erectors, Inc., as a defendant.

failure to prove same beyond the preponderance of the evidence requires a finding for the defendant. *Granted, but see findings.*

4. The burden of proving that the defendant furnished consideration for this note and for his signature thereon is on the plaintiff and if·there was no consideration for the signature of the defendant the plaintiff cannot recover. *Granted, but see findings.*

5. Plaintiff must prove that the note is an actual note executed by an existing corporation in order to recover. *Denied, see findings.*

The court made the following findings:

"I find that the defendant, Steel Fabricators and Erectors, Inc., had been doing business with the plaintiff for many years before this action. I find that the defendant, Richard E. Wilson, Jr., acting on behalf of the defendant corporation was its authorized agent throughout the various business activities conducted by the parties.

I further find that the plaintiff's agent typed, or had typed, the note and used a misnomer in typing the name "Steel Fabricators & Equipment Inc.". However, this was signed by Richard E. Wilson, Jr., Pres. I find that Mr. Wilson is President of the Corporation "Steel Fabricators & .Erectors, Inc." I further find that the defendant, Wilson, signed this note as an accommodation endorser in the presence of Lewis Gelbert, President & Treasurer of the plaintiff Corporation.

I find that all parties hereto knew and intended that the true maker of the note was "Steel Fabricators & Erectors, Inc." and that the defendant, Wilson, signed as an accommodation endorser and is liable to the plaintiff in the amount of $5,157.09 with interest at 10% from October 16, 1970, and that the defendant, Wilson, is bound by all terms of the instrument dated March 2, 1970 (Exhibit 2)."

The defendant claims to be aggrieved by the rulings of the court on its requests numbered 1, 2, 3, 4 and 5, and by the finding and findings of facts found and reports the same to the Appellate Division for determination.

The defendant not having appeared for oral argument and submitting on a brief in which he raises only one issue, we consider that he has waived other issues raised in his requests for rulings. Therefore, we will decide only the issue that he has raised in his brief and which covers his request for ruling number 5.

In that request he asked the court to rule that the plaintiff must prove that the note is an actual note executed by an existing corporation in order to recover. The defendant in his brief argues that inasmuch as the note in question has as its maker a nonexistent corporation it cannot be considered a note under the Uniform Commercial Code and, therefore, the defendant cannot be liable as an endorser thereon.

We do not agree with the argument of the defendant that the maker of the note was a

non-existent corporation. It is true that the note in question, which was drawn by the plaintiff and presented to Richard E. Wilson, Jr. for execution as President, had the name Steel Fabricators and Equipment, Inc. typed above where Wilson signed his name as President; however, the evidence is abundantly clear that Richard E. Wilson, Jr. was the President of the Steel Fabricators and Erectors, Inc. which had been sold steel by the plaintiff and for which the note in question was given as consideration. The name Steel Fabricators and Equipment Inc. that appeared on the note did not appear in any place in the plaintiff's records nor did it exist legally. The trial judge found that the plaintiff's agent typed, or had typed, the note and used a misnomer in typing the name ''Steel Fabricators and Equipment, Inc.''

A variance or mistake of the name, in cases of existing persons, is not fatal to their contracts when there is a sufficient description of the parties whereby they may be known. *The Medway Cotton Manufactory* v. *Adams,* 10 Mass. 360.

In the *Medway* case, it was decided that a note payable to Richardson, Metcalf&Co. might well be declared on as a promise to the Medway Cotton Manufactory. The Court said:—

''The inquiry, however, is, in this case, as it was in the cases of misnomer which have been cited, of the description of the promisees, or parties in the note or contract declared on.

Does the name in the note sufficiently indicate the plaintiffs? Were they known by it as the promisees? This depends, in part at least, upon an inquiry of facts, which may or may not be proved; and which may be provable by evidence extraneous to the note.'' See also *Melledge* v. *Boston Iron Co.,* 5 Cush. 158, 176.

In *Commercial Bank* v. *French,* 1 Cush. 486, 490, the court said:—

''The principal is, that the promise must be understood according to the intention of the parties. If in truth it be an undertaking to the corporation, whether a right or some wrong name, whether the name of the corporation or of some of its officers be used, it should be declared on and treated as a promise to the corporation.'' *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147. *Simpionbato* v. *Royal Insurance Co.,* 253 Mass. 606. There is nothing in the Uniform Commercial Code to indicate that this fundamental rule of law has been changed. See: G.L. c. 106, § 3-401.

In the instant case we must consider it settled by the findings of the trial judge that the parties intended the corporate name of the maker of the note to be Steel Fabricators and Erectors, Inc., an existing corporation, as if no misnomer or wrong name had occurred.

**Report dismissed.**

ROBERT M. SEIBERG of Boston
for the Plaintiff

MARVIN M. MARGOLIES of Boston
for the Defendant