*Municipal Court of the City of Boston*

## No. T-30874

## ROGER MILLER

### v.

## UNITED STATES LIABILITY INSURANCE COMPANY

Argued: Oct. 31, 1975. Decided: Jan. 16, 1976.

Case tried to *Doefer, J.*

Present: Lewiton, C.J.; Canavan, Foster, J.J.

**Lewiton, C. J.** The plaintiff seeks to recover under a motor vehicle theft insurance policy for the loss sustained by him when his vehicle was stolen. After a finding for the plaintiff, the defendant seeks a review of the trial justice's denial of its requested rulings that the terms of the policy preclude recovery because of an undisclosed encumbrance on the plaintiff's automobile.

In our opinion the failure to grant the requested rulings was error.

The report sets forth evidence warranting the finding of the following facts:

The plaintiff, in purchasing the automobile in issue, financed it largely through a bank loan under an agreement giving a security interest in the vehicle to the bank. He then applied to the defendant for insurance providing theft and other coverage on the motor vehicle. The application did not disclose the encumbrance held by the bank, and "in answer to the question 'Is there any ownership interest in the auto other than stated above?' was placed the word 'no'. " On the basis of this application, the defendant issued the policy in question.

In Item 2 of the "Declarations" set forth on the face sheet of the policy, under the caption "Loss Payee: Any loss hereunder is payable as interest may appear to the insured and ——", the word "none" was inserted in the blank space. In Item 4 of the "Declarations", the space which was provided for a statement of encumbrances, if any, was left blank.

The introductory statement in the body of the policy recites that the insurer agrees "with the insured named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy" to provide the specified coverages.

Under the caption "Exclusions", it is stated that "[t]his policy does not apply: . . . (b) under any of the coverages, if the automobile is or at any time becomes subject to any . . . encumbrance not specifically declared and described in this policy." No encumbrance was declared or described in the policy.

At the close of the evidence, the defendant requested the court to rule (No. 6) that the plaintiff had failed to prove that the loss sued upon came within the risks covered by the policy.[1] Requested ruling No. 7 consisted of a quotation of the above-quoted "Exclusion" clause of the policy. Each of these requests was denied, with the further statement that "[t]his is a request for a finding of fact." These denials are here challenged by the defendant.[2]

The trial justice made special findings (a) that when the plaintiff applied for this insurance, the automobile in question was subject to a bank encumbrances, and (b) that the plaintiff's failure to disclose the bank encumbrance was not made with the intent to deceive and did not increase the risk of loss to the defendant. With respect to the "Exclusion" clause in the policy, the trial justice included the following statement in his "Findings of Fact"[3]: "Although the policy did state 'this policy does not apply . . . (b) under any of the coverages if the automobile is or at any time becomes subject to any bailment, lease, conditional sale, purchase agreement, mortgage or other encumbrances not specifically

---

[1] REQUEST 6. "On all the evidence the plaintiff has failed in his burden of proving that the loss sued upon is within the description of the risks covered by the policy."

[2] While the report sets forth other rulings by which the defendant also claimed to be aggrieved, such other claims were waived by the defendant at the oral argument before us.

[3] Referring generally to findings made by the court, the report states: "Insofar as such 'findings' are findings of fact and not conclusions of law there was evidence at the trial tending to establish each such fact."

declared and described in the policy', there is no language in the policy stating that this is a condition precedent to recover. I construe the above recorded language as a representation by the plaintiff that no encumbrance existed and that any encumbrance would be reported as it arose in the future."

Since the interpretation of the terms of the policy is a matter of law, *Shaw v. Commercial Ins. Co. of Newark, N. J.,* 359 Mass. 601, 605 (1971); *Sherman v. Employer's Liability Assur. Corp., Ltd.,* 343 Mass. 354, 356 (1961); *Forte v. Caruso,* 336 Mass. 476, 481 (1957); *Ober v. National Casualty Co.,* 318 Mass. 27, 30 (1945), we are not bound by the foregoing interpretation by the trial justice. We now proceed to consider the proper construction of the policy.

The defendant contends that pursuant to the provisions of the policy described above, the absence of any encumbrances on the plaintiff's vehicle was a condition precedent to its obligations under the policy, and that by reason of the existing bank encumbrance the policy never took effect as a contract between the parties. The plaintiff insists that this policy contains no condition precedent with respect to encumbrances, and that his failure to disclose the bank encumbrance to the defendant is to be regarded simply as a misrepresentation of warranty which, as provided in G.L. c. 175, §186,[4] would not defeat or avoid the policy unless made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss. (This statute is hereinafter referred to simply as §186).

---

4 G.L. c. 175, §186: "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such mispresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

In a long line of cases involving alleged misrepresentations or non-disclosure of material facts to insurers in connection with the negotiation of insurance policies, the Supreme Judicial Court has prescribed guide-lines as to the applicability or non-applicability of the remedial provisions of §186 or its predecessor statute[5] containing substantially identical provisions. *Everson v. General Accid. N Assur. Corp.*, 202 Mass. 169 (1909); *McDonough v. Metropolitan Life Ins. Co.*, 228 Mass. 450 (1917); *Ballard v. Globe & Rutgers Fire Ins. Co.*, 237 Mass. 34 (1921); *Harvey v. Pawtucket Mutual Fire Ins. Co.*, 250 Mass. 164 (1924); *Faris v. Travelers Indemnity Co.*, 278 Mass. 204 (1932); *Charles Henry & Crowley v. Home Ins. Co.*, 340 Mass. 723 (1965); *Shaw v. Commercial Ins. Co. of Newark, N. J.*, 359 Mass. 601 (1971).

In cases in which the incorrect statements of fact are referred to in the application or insurance policy solely as "representations" or "warranties", §186 or its predecessor has been held to be applicable, and if it was found that the misrepresentations or warranties were not made with intent to deceive the insurer and did not increase the risk of loss, they were held not to bar recovery under the policy. *Everson v. General Accid. & Assur. Corp.*, 202 Mass. 169 (1909); *Shaw v. Commercial Ins. Co. of Newark, N. J.*, 359 Mass. 601 (1971); *McDonough v. Metropolitan Life Ins. Co.*, 228 Mass. 450 (1917).

As stated in the *Everson* case, St. 1907, c. 576, §21 (now §186) "prohibits the parties to an insurance contract from attaching to a breach of warranty the effect of defeating all rights of the insured under the

---

[5] St. 1907, c. 576, §21.

policy, unless in good conscience it ought to have this result, either as increasing the risk or made with intent to deceive. The harshness of the clause formerly common in contracts of insurance, that warranties, if found in any respect untrue, should avoid the policy, is this mitigated."[6]

On the other hand, when the truthfulness of the representations or warranties by the insured was expressly stated in the policy to be a condition precedent to the liability of the insurer, it has been held that §186 or its predecessor statute was inapplicable, and that recovery was barred by breach of such condition. *Faris v. Travelers Indemnity Co.*, 278 Mass. 204 (1932); *Ballard v. Globe & Rutgers Fire Ins. Co.*, 237 Mass. 34 (1921); *Harvey v. Pawtucket Mutual Fire Ins. Co.*, 250 Mass. 164 (1924). In *Faris v. Travelers Indemnity Co.*, 278 Mass. 204 (1932) the Supreme Judicial Court reviewed many of the earlier decisions dealing with this issue, and reaffirmed the distinction as to the applicability of §186, between insurance policies containing express language creating conditions precedent and policies not containing such language. Distinguishing the *Everson*[7] case on the grounds that the misrepresentations in the policy there under review appeared under the heading "Warranties" and that policy contained no language giving them the character of conditions precedent, the court in the *Faris* case held that unencumbered ownership of the vehicle by the plaintiff "was a condition of the policy" there in suit, and then

---

6 Everson v. General Accid. & Assur. Corp., 202 Mass. 169,173 (1909).

7 Everson v. General Accid. & Assur. Corp., 202 Mass. 169 (1909).

said: "The statute G.L. c. 175, §186, cannot be relied on to defeat this condition in the policy. If this condition in the policy is not complied with the policy does not attach, and it is not open to the insured to show that a misrepresentation or warranty was not made with the intent to deceive or to increase the risk of loss."[8]

This distinction has been re-stated and followed in subsequent cases, *Charles, Henry & Crowley v. Home Ins. Co.,* 349 Mass. 723, 725-6 (1965); *Shaw v. Commercial Ins. Co. of Newark, N. J.,* 359 Mass. 601, 605-6 (1971). The rule of inapplicability of §186 has been extended to policies which do not expressly refer to representations by the insured as "conditions precedent", but do contain language which can be interpreted as giving such effect to them. *Penta v. Home Fire & Marine Ins. Co.,* 263 Mass. 262 (1928); *Lopardi v. John Hancock Mutual Life Ins. Co.,* 289 Mass. 492 (1935). Thus, in *Charles, Henry & Crowley v. Home Ins. Co., supra,* the court held §186 inapplicable and said:

". . . a statement made in an application for a policy of insurance may become a condition of the policy rather than remain a warranty or representation if: (1) the statement made by the insured relates essentially to the insurer's intelligent decision to issue the policy; and (2) the statement is made a condition precedent to recovery under the policy, either by using the precise words 'condition precedent' or their equivalent." (349 Mass. 722, 726 (1965) ). Since there would be no reason to consider the applicability of §186 if the representation by the

---

8  278 Mass. 204, 207 (1932).

insured did not relate to the insurer's decision to issue the policy[9], it seems clear that the decisive element precluding the application of §186 is language in the policy characterizing the insured's representations or warranties as conditions precedent.

With due deference, we feel that the distinction here discussed is based on semantic differences which exalt from above substance; and that by enabling insurers to avoid the applicability of §186 by the simple device of inserting in printed clauses in their policies (over the language of which the insureds have no control whatever) the talismanic phrase "condition precedent" or other comparable language, the courts have made possible the frustration of the legislative purpose to prohibit "the parties to an insurance contract from attaching to a breach of warranty the effect of defeating all rights of the insured under the policy, unless in good conscience it ought to have this result, either as increasing the risk or made with intent to deceive." *Everson v. General Accident & Assurance Corp.*, 202 Mass. 169, 173 (1909). This reasoning appears especially pertinent

---

9 See **Employers' Liability Assurance Corp., Ltd. v. Vella**, Mass. Adv. Sh. (1975) 109, 115-18. The court said at page 115: "Even if there is 'actual intent to deceive,' the policy is voidable for misrepresentation only if the fact misrepresented is material. **Sullivan v. John Hancock Mut. Life Ins. Co.**, 342 Mass. 649, 658 (1961). A fact 'must be regarded as material, the knowledge or ignorance of which would naturally influence the judgment of the underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium'." Having concluded, on the basis of the reported evidence, that the misrepresentation in question could not have made any difference to the insurer, the court held that the insurer had no right to disclaim liability under the policy, wholly apart from §186.

to the case at bar, in which it has been found by the trial justice that the plaintiff's failure to disclose an encumbrance on the insured vehicle was not done with the intent to deceive the insurer and did not in fact increase the risk of loss to it.[10]

Whether "it is possible to convert what are essentially in the nature of things warranties or representations into conditions by describing them as such" and thereby to avoid the applicability of the predecessor of §186 was briefly discussed but not decided in the *Everson* case.[11] This question involving §186, was similarly adverted to in *Lopardi v. John Hancock Mutual Life Ins. Co.,* 289 Mass. 492, 496 (1935) and in *Charles, Henry & Crowley v. Home Ins. Co.,* 349 Mass. 723, 725 (1965), but was left undecided in both of those cases. Perhaps the time has come for a definitive determination of that issue and a review of the rulings holding inapplicable the provisions of §186 in cases which are clearly within the obvious purpose of that statute, but which involve insurance policies containing language purporting to make conditions precedent out of what are ordinarily the subjects of representations or warranties by insureds. Such a review would be consistent with the demonstrated willingness of the Supreme Judicial Court in recent years to review and revise rulings of long standing

---

10 Whether the risk of loss is increased by a misrepresentation or breach of warranty by an insured is generally a question of fact. **Shaw v. Commercial Ins. Co. of Newark, N. J.,** 359 Mass. 601, 607 (1971); **McDonough v. Metropolitan Life Ins. Co.,** 228 Mass. 450, 452-3 (1917) **Cf. New Amsterdam Casualty Co. v. Goldstein,** 352 Mass. 492, 494 (1967). The trial judge's finding in this case that the risk of loss was not increased is not challenged by the defendant.

11 202 Mass. 169, 172 (1909).

which no longer meet the tests of practicality or justice, "in light of modern conditions and conceptions of public policy."[12]

However, unless and until the Supreme Judicial Court modifies or overrules the existing precedents pertaining to this issue, we are bound by them. Applying such precedents to the policy involved in this case, particularly with reference to the "Exclusion" clause providing that the "policy does not apply: . . . if the automobile is . . . subject to any . . . encumbrance not specifically declared and described" therein, we conclude that this was in effect a condition precedent, that the remedial provisions of §186 are not applicable, and that the plaintiff is barred from recovery by reason of the undisclosed encumbrance on his vehicle. *Gormley v. Westchester Fire Ins. Co.,* 256 Mass. 221 (1926); *Harvey v. Pawtucket Mutual Fire Ins. Co.,* 250 Mass. 164 (1924).

**The finding for the plaintiff is hereby vacated, and a finding is to be entered for the defendant.**

---

12 See Sorenson v. Sorenson, Mass. Adv. Sh. (1975) 3662, 3674; Diaz v. Eli Lilly & Co., Mass. Adv. Sh. (1973) 1263; Mounsey v. Ellard, Mass. Adv. Sh. (1973) 871; Boston Housing Auth. v. Hemingway, Mass. Adv. Sh. (1973) 339; Knowles v. Gilchrist Co., Mass. Adv. Sh. (1972) 1783; Gaudette v. Webb, Mass. Adv. Sh. (1972) 1131.