NEW AMSTERDAM CASUALTY COMPANY *vs.* KARL GOLDSTEIN.

Suffolk.    April 6, 1967. — May 1, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Insurance,* Theft insurance, Warranty.

Falsity of a warranty by the insured under a theft insurance policy on an automobile, that he was its "sole owner," as a matter of law "increased the risk of loss" within G. L. c. 175, § 186, and the insurer, after paying the insured upon loss of the automobile by theft from him, was entitled to recover from him the sum paid upon learning that he was not its owner.

CONTRACT.    Writ in the Superior Court dated December 29, 1964.

The action was heard by *Ford,* J.

*Mario Misci* for the plaintiff.

*James W. Gilden,* for the defendant, submitted a brief.

WILKINS, C.J.    On August 11, 1964, the defendant insured a 1964 convertible coupe with the plaintiff. The policy, known as an automobile liability and physical damage policy, embraced loss by theft. One of the provisions was, "Except with respect to bailment lease, conditional sale

purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of the automobile, unless otherwise stated herein.'' On October 28, 1964, the defendant reported to the plaintiff that the motor vehicle was stolen on October 22, 1964. On December 10, 1964, the plaintiff paid the defendant $5,075 upon receipt of a proof of loss, which stated, ''Title and Interest: The insured was the sole owner of the automobile at the time of the loss or damage and no other person had any interest therein, by bailment lease, conditional sale, mortgage, or other encumbrance, except: First National Bank of Boston.''

Shortly after payment of the loss, the plaintiff learned that the defendant was not the owner of the motor vehicle, but that it had been stolen from its rightful owner, one Nicholes, and transferred to the defendant by a person or persons unknown to the plaintiff and without the authority of the rightful owner. At all material times the plaintiff was ignorant of the facts relative to the theft.

This is an action of contract to recover the amount paid to the defendant. There was a statement of agreed facts. The plaintiff's motion for summary judgment was denied and judgment was ordered for the defendant. The plaintiff appealed.

The issues spring from the effect, if any, of G. L. c. 175, § 186: ''No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.''

Preliminarily, as the result will not be affected, we treat the disputed provision as merely a warranty, and not creating a condition precedent. That the title of the original owner was not divested by the theft is elementary law. All he lost was possession. This he remained in paramount position to retake wherever he might find his property, or he could resort to legal remedies, an action for replevin be-

ing one. In this situation it is idle to contend that the risk of loss was not increased.

By the terms of the policy the plaintiff became subrogated to the defendant's rights in the automobile upon payment of the theft loss. If the original owner should regain possession, however, the plaintiff would be left with a probably worthless claim against the thief instead of the right to recover the automobile. In addition, if the owner should repossess the automobile directly from the defendant without notice, the plaintiff might have to pay for a "theft loss" under the misapprehension that it had been stolen. The fact that the defendant did not own the automobile thus materially increased the plaintiff's risk.

That an insurance company is a party does not constitute an exception permitting the abandonment of logic and reason. This is quite apart from any question whether the policy provisions create a condition precedent to its effectiveness, a matter we need not decide. See *Faris* v. *Travelers Indem. Co.* 278 Mass. 204; *Charles, Henry & Crowley Co. Inc.* v. *Home Ins. Co.* 349 Mass. 723, 726.

It was error to deny the plaintiff's motion. The order for judgment for the defendant is reversed, and judgment is to be entered for the plaintiff.

*So ordered.*