*Municipal Court of the City of Boston*

## No. 333246

# CLAIRE HACKETT

### v.

# UTICA MUTUAL INSURANCE COMPANY

Argued April 11, 1975. Decided October 31, 1975 )

SEE: Dissenting opinion of Justice DeGuglielmo. Also. Opinion of Justice Brooks in NEW AMSTERDAM v. GOLDSTEIN, 35 Mass. App. Dec. 146.

*Case tried to Canavan, J.*

Present: Foster, J. (Presiding), DeGuglielmo, Doerfer, J.J.

**Foster, J.** This is an action to recover for a stolen automobile in the sum of $4,211.06 under a policy of insurance issued by the defendant to the plaintiff, submitted upon an Agreed Statement of Facts, as follows:

1. This is an action of contract brought to recover damages resulting from the theft of a 1972 Pontiac Grand Prix, Serial #2K57T2P168527.

2. The vehicle in question was purchased by plaintiff in good faith on August 8, 1972 from one Stanley Mentz for $3,850 and plaintiff paid in addition thereto a sales tax of $122.50.

3. On August 9, 1972, defendant insured plaintiff's said vehicle for, among other things, theft and the cost of renting a temporary substitute motor vehicle in the event of theft.

4. On November 26, 1972, while plaintiff was in possession of said vehicle, said vehicle was stolen from her, by a person or persons unknown, and was never recovered.

5. On November 27, 1972, pursuant to her obligations under said policy, plaintiff notified the defendant of the said theft of her said vehicle.

6. Under the provisions of the insurance policy with the defendant, plaintiff rented a temporary substitute motor vehicle at a cost to her of $88.56.

7. Unbeknownst to plaintiff, the said vehicle she had purchased on August 8, 1972 was a stolen vehicle.

8. Defendant has declined to pay plaintiff any monies for the loss of said motor vehicle and the monies expended for the rental of a temporary substitute motor vehicle.

9. The policy of insurance by and between the parties involved provided, among other things, that "Except with respect to bailment, lease, conditional

sale, purchase agreement, mortgage, or other encumbrance, the named insured is the sole owner of the insured motor vehicle unless otherwise stated therein."

10. The fair market value of the said motor vehicle in the possession of the plaintiff on November 26, 1972 was $4,000.00.

11. Plaintiff has complied with all the pertinent provisions of the said insurance policy with defendant regarding the foregoing loss.

The plaintiff submitted two requests for rulings as follows:

"1. Purchase in good faith for a valuable consideration of stolen property has an insurable interest therein and, when that property is stolen from him while it is in his possession, he may recover its value from an insurer which issued a policy to him insuring it against theft. *Rossi v. Hartford Insurance Co.*, 52 Mass. App. Dec. 118. S.C. 24 LEGALITE 457. COURT: *Denied*, See *New Amsterdam Casualty Co. v. Goldstein*, 352, Mass. 492.

"2. Upon all the evidence a finding for the plaintiff is warranted. COURT: *Yes, warrants but does not compel a finding."*

The court found for the defendant.

The trial justice, at the request of the aggrieved plaintiff, referred the case to this Division for determination.

We hold that the action under review is governed by the principles of law enunciated in the case of *New Amsterdam Casualty Company v. Goldstein*, 352 Mass. 492 (1967). The facts in the instant case and *New Amsterdam (supra)* are substantially identical and the precedent in the cited case must be followed under the doctrine of *stare decisis.*

In both cases the insured was the innocent purchaser of a stolen vehicle and thus acquired only possession

and not title. In both cases, the insured represented to the insurer that he (or she) was the sole owner of the vehicle sought to be insured. It was a false representation even though the insured was not cognizant of its falsity.

The issue must turn on construction of Massachusetts G.L. c. 175, §186: "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance made by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

The Supreme Judicial Court treated the representation of sole ownership as a warranty and concluded that the fact that the insured did not own the automobile materially increased the insurer's risk. Judgment was entered for the insurance company.

We adopt that view in the case under review. The conclusion expressed here finds further support in the case of *Goldstein v. Royal Indemnity Co.*, 297 Mass. 55 (1937) where it was held that there was no liability under a policy of insurance against robbery which contained a warranty that the "assured" and another employee always would be "on duty within the premises" when the insurance applied and at the time of the robbery the assured was absent and only one employee was present, thereby increasing the risk of loss within G.L. c. 175, §186.

The cases of *Charles, Henry and Crowley, Inc. v. The Home Insurance Company*, 349 Mass. 723 (1965) and *Faris v. The Travelers Indemnity Company*, 278 Mass. 204 (1932) illustrate the proposition that misrepresentations made to the insurer are not mere warranties but, rather, are conditions precedent to recovery and G.L. c. 175, §186 is inapplicable.

In the case under review, the trial justice committed no error in denying the plaintiff's two requests for rulings of law or in finding for the defendant.

We affirm the action of the trial justice. **Report dismissed.**

## Doerfer, J. concurring:

I concur in the opinion of Judge Foster. In paragraph 9 of the Agreed Statement of Facts it is expressly stated "The policy of insurance *by* and *between the parties* involved provided . . . the named insured is the sole owner of the insured motor vehicle unless otherwise stated therein." (emphasis supplied). From this fact I have no difficulty in inferring that the plaintiff did represent in the policy to which she was a party, that she was the sole owner of the insured motor vehicle.

Furthermore, the only fact in the case of *New Amsterdam Casualty Co. v. Karl Goldstein*, 352 Mass. 492 (1967) relied upon by the Supreme Judicial Court to establish that the policy holder in that case had represented himself to be the sole owner was identical language in the policy of insurance in that case. There was evidence in *New Amsterdam* that the policy owner had made an independent representation of ownership in an application for insurance or in any other form, prior to the loss of the vehicle.

For these reasons I believe the *New Amsterdam* case is controlling and I concur in the dismissal of the report.

## DeGuglielmo, J. dissenting:

This is an action of contract on an insurance policy purporting to cover the plaintiff for loss of a motor vehicle which was stolen from her and which loss was alleged to have been insured by the defendant.

The case comes before the Appellate Division of this court on an agreed statement of facts set forth in the majority opinion.

The law is well settled in this Commonwealth that when a case has been submitted on an Agreed Statement of Facts, the result obtained thereby becomes a "case stated." Requests for rulings and findings of fact by the trial court have no standing on appeal. The only function of the trial court is to apply principles of law to the facts as given. *Western Mass. Theatres v. Liberty Mutual Ins. Co.,* 354 Mass. 655, 657 (1968); *Simmons v. Cambridge Savings Bank,* 346 Mass. 327, 329 (1964); *Weinstein v. Green,* 347 Mass. 580 (1964); *Richard D. Kimball Co. v. City of Medford,* 340 Mass. 727 (1960); *City of Quincy v. Brooks-Skinner, Inc.,* 325 Mass. 406 (1950); *McHale v. Treworgy,* 325 Mass. 381 (1950); *Associates Discount Corp. v. Gallineau,* 322 Mass. 490, 492 (1948).

On this posture of the case, the simple problem presented is whether the case of *New Amsterdam Casualty Co. v. Goldstein,* 352 Mass. 492 (1967), is decisive of the issue involved. I believe that the *New Amsterdam Case* does not apply.

In the first instance, anyone who derives a benefit from its existence and/or would suffer a loss from its destruction has an insurable interest in that object. 29 Am. Jur. 293. See also 28 A.L.R. at 804, *Strong v. Manufacturer's Ins. Co.,* 10 Pick. 40 (1830).

Title is not a requisite for insurable interest. *Williams v. Roger Williams Ins. Co.,* 107 Mass. 377 (1871); *Wainer v. Milford Mutual,* 153 Mass. 335 (1891); 29 Am. Jur. 293; *Hoyt v. N.H. Fire Ins. Co.,* 92 N.H. 242 (1943); *King v. The State Mutual Fire Ins. Co.,* 7 Cush. 1 (1851).

The cornerstone of the *New Amsterdam* decision is G.L. c. 175, §186, which negates a claim where there is material misrepresentation, (G.L. c. 175, §86) says "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by

the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

Nowhere in the agreed statement of facts is there the least intimation of *any representation as to title by the plaintiff*.[1] The facts succinctly and clearly state that the plaintiff insured the motor vehicle in which she had an insurable interest against loss by theft with the defendant and that a loss occurred within the terms of the policy.

Where no inquiry is made by the insurer, to avoid the policy, it must appear that the matter not communicated was material; that it was concealed intentionally and with a fraudulent purpose. *New York Life Ins. Co. v. Simons,* 60 Fed. 2d 30 (1932); *Cassidy v. Liberty Mutual Ins. Co.,* 338 Mass. 139 (1958).

No presumption will exist from the falsity of a statement by the insured that there was an intention to deceive the insured. *Dolan v. Mutual Reserve Fund Life Assoc.,* 173 Mass. 197 (1899); *Rappe v. Metropolitan Life Ins. Co.,* 320 Mass. 376 (1946).

Upon the basis of the foregoing, I would enter a finding for the plaintiff in the amount of $4,061.06, together with interest from November 26, 1972.

---

[1] I have examined with interest the separate concurring opinion of Justice Doerfer for the majority in this case. In the New Amsterdam case there is the added ingredient that the insured in his proof of loss stated that he "was the sole owner of the automobile at the time of the loss . . ." The New Amsterdam case is based chiefly on G.L. c. 175, §186 which demands that the misrepresentation or warranty must be made in the negotiation of a policy of insurance by the insured or in his behalf. Nowhere in the Agreed Statement of Facts is there any evidence or fact of any statement or warranty made by the insured or in his behalf **in the negotiation of the policy of insurance.**