CLAIRE HACKETT *vs.* UTICA MUTUAL INSURANCE COMPANY.

Suffolk.    April 8, 1976. — May 6, 1976.

Present: REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Insurance,* Theft insurance, Warranty.

In an action by an insured seeking to recover under an insurance pol-
icy issued by the defendant for the loss by theft of an automobile,
which the insured had purchased without knowledge that it had
been stolen previously from its rightful owner, the court held that
the insurer's risk of loss was increased by breach of the warranty
of ownership and it was therefore relieved of liability to the insured
under G. L. c. 175, § 186. [246-248]

CONTRACT.    Writ in the Municipal Court of the City of
Boston dated February 3, 1973.

The action was heard by *Canavan,* J.

*Barry Y. Weiner* for the plaintiff.

*Arthur J. McLaughlin* for the defendant.

QUIRICO, J.    This is an action of contract brought in the
Municipal Court of the City of Boston in which the plain-
tiff seeks to recover for the loss by theft of an automobile
under a policy of insurance issued by the defendant. The
case was submitted by the parties for decision on an
"Agreed Statement of Facts," which we treat as a case
stated, and resulted in a finding in favor of the defendant.
The plaintiff thereafter claimed a report to the Appellate
Division of the Municipal Court of the City of Boston,
which upheld the rulings and decision of the Municipal
Court judge and ordered the report dismissed. The case is
before us on the plaintiff's appeal from the decision and
order of the Appellate Division. We hold that there was no
error.

We summarize briefly the relevant facts. The plaintiff
purchased a 1972 Pontiac Grand Prix automobile on Au-

gust 8, 1972. The following day, the defendant issued a policy of insurance to the plaintiff insuring the automobile "for, among other things, theft and the cost of renting a temporary substitute motor vehicle in the event of theft." The policy provided in part that "[e]xcept with respect to bailment, lease, conditional sale, purchase agreement, mortgage, or other encumbrance, the named insured is the sole owner of the insured motor vehicle unless otherwise stated therein."

On November 26, 1972, the automobile was stolen from the plaintiff, who thereafter notified the defendant of its theft. The plaintiff rented a temporary substitute motor vehicle, as provided for in the policy, and at that time paid the cost of the rental herself. It is apparently agreed by the parties, and we so assume, that at all material times the plaintiff was unaware that the automobile which she had purchased on August 8, 1972, previously had been stolen from its rightful owner.[1] The defendant has refused to make any payments to the plaintiff to compensate her for the loss of the automobile or for the expense of renting a temporary substitute motor vehicle.

General Laws c. 175, § 186, provides in pertinent part that "[n]o oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching ... *unless the matter misrepresented or made a warranty increased the risk of loss*" (emphasis supplied). The case of *New Amsterdam Cas. Co.* v. *Goldstein*, 352 Mass. 492 (1967), decided under G. L. c. 175, § 186, involved circumstances

---

[1] The "Agreed Statement of Facts" filed by the parties is somewhat unclear as to the period of time during which the plaintiff remained unaware of the previous theft of the automobile. In this regard, such statement merely reads as follows: "Unbeknownst to Plaintiff, the said vehicle she had purchased on August 8, 1972 was a stolen vehicle." The statement makes no further reference to the state of the plaintiff's knowledge or to the point at which the plaintiff acquired knowledge of the previous theft of the automobile. Since no issue has been raised relative to the state of the plaintiff's knowledge, we assume for purposes of decision that the plaintiff was without such knowledge at all material times.

virtually identical to the circumstances presented herein. In that case, as in the present case, it was agreed by the parties that the insured obtained a policy of insurance from the insurer on an automobile that previously had been stolen from its rightful owner, that the policy contained a provision, which was identical in all material respects to the one contained in the policy in the present case, representing that "the named insured is the sole owner of the automobile, unless otherwise stated herein," that the insured was ignorant at all material times of the facts relative to the previous theft, and that subsequent to the insuring of the automobile it was stolen from the insured. In the circumstances presented in the *New Amsterdam Cas. Co.* case, we held that the insurer's risk of loss was increased by reason of the breach of the warranty of ownership and therefore that the insurer was relieved of liability to the insured under G. L. c. 175, § 186.

We are not persuaded by the plaintiff's attempt to distinguish the *New Amsterdam Cas. Co.* case and thus to argue that it is inapplicable to the present case. Moreover, we decline to adopt the plaintiff's suggestion that we overrule that case.[2] Rather, we conclude that for the reasons set forth in *New Amsterdam Cas. Co.* v. *Goldstein,* 352 Mass. 492 (1967), there was no error.[3]

The order of the Appellate Division dismissing the report is affirmed.

*So ordered.*

---

[2] We note the possibility that G. L. c. 90D, inserted by St. 1971, c. 754, § 1, which was enacted subsequent to the occurrence of the relevant events herein and which requires the issuance of certificates of title for substantially all motor vehicles registered in the Commonwealth, may reduce significantly the number of purchases of stolen automobiles by innocent persons in the future.

[3] The plaintiff makes the additional argument that the defendant has "failed to plead or prove ... [G. L.] ch. 175, § 186, ... and should be estopped from raising it in defense of its position." However, the record in the present case discloses no previous attempt by the plaintiff, either before the judge of the Municipal Court or before the Appellate Division to raise this issue, and therefore we do not consider it. *Socony Mobil Oil Co.* v. *Cottle,* 336 Mass. 192, 196 (1957). *Pitman* v. *J.C. Pitman & Sons, Inc.,* 324 Mass. 371, 373-374 (1949).